**Charles HARRIS, Plaintiff-Appellee, Cross-Appellant,**

v.

**GOLDBLATT BROS., INC., Defendant-Appellant, Cross-Appellee.**

**Nos. 80–2331, 80–2358, 80–2623 and 80–2647.**

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1981.

Decided Sept. 14, 1981.

P. Kevin Connelly, Lederer, Reich, Sheldon & Connelly, Chicago, Ill., for defendant-appellant, cross-appellee.

Timothy J. Riordan, Defrees & Fiske, Chicago, Ill., for plaintiff-appellee, cross-appellant.

Before CUMMINGS, Chief Judge, PELL, Circuit Judge, and MARKEY *, Chief Judge.

CUMMINGS, Chief Judge.

Plaintiff, Charles Harris was 61 years old and had been employed in the Display Department of Defendant Goldblatt Bros., Inc.'s (Goldblatt) State Street store in Chicago, Illinois for approximately 34 years when, on August 15, 1977, he was discharged and replaced by a younger employee at a higher salary. Harris filed the present suit under the Age Discrimination in Employment Act of 1967 (Act) (29 U.S.C. § 621 *et seq.*), alleging that Goldblatt had unlawfully terminated him because of his age and seeking backpay, liquidated damages, $100,000 each in compensatory and punitive damages, and reinstatement or, in the alternative, front pay, plus reasonable attorney's fees and costs.

On May 29, 1980, the district court entered an order dismissing Harris' claims for compensatory and punitive damages, holding that such damages are unavailable under the Act. Because Harris had invoked his right to a jury trial on the issues of liability, backpay and liquidated damages,[1] the parties and the court agreed that Harris' prayers for equitable relief and attorney's fees,[2] would be heard by the court in separate proceedings following the jury trial. On June 11, the jury returned a verdict awarding Harris $23,329 in backpay and an equal amount in liquidated damages. The clerk of the district court entered a judgment on the jury verdict pursuant to Rule 58 of the Federal Rules of Civil Procedure.[3] On June 19, Judge Aspen left town. On June 20, Goldblatt filed a motion for judgment notwithstanding the verdict or alternatively a new trial. On July 10, four days before Judge Aspen was scheduled to return, plaintiff filed a Motion for Equitable Relief [Reinstatement or Front Pay] and a Petition for Attorney's Fees in the amount of $30,000. Goldblatt moved to strike both requests as untimely Rule 59(e) motions to alter or amend the June 11 judgment,[4] which it contended was a final judgment.

On August 13, Judge Aspen granted Goldblatt's motion to strike Harris' motion for equitable relief, but denied the motion to strike the Petition for Attorney's Fees on the theory that attorney's fees under the Age Discrimination Act are part of costs and therefore not covered by Rule 59(e). By order of September 5, as amended September 9, the court also denied Goldblatt's motion for judgment n. o. v. or new trial. On October 14, the court entered an order awarding Harris $12,000 in attorney's fees, rather than the $30,000 requested. On October 28, the court denied Harris' Motion for Review of Taxation of Costs by Clerk and his Motion for Enlargement of Time to File Bill of Costs. The present appeals,

* Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.

1. Section 626 of the Act was amended effective April 6, 1978, to provide specifically for "... a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter regardless of whether equitable relief is sought by any party in such action" (29 U.S.C. § 626(c)(2)). Liquidated damages are payable only where there has been a finding of willful violations of the Act, 29 U.S.C. § 626(b).

2. Attorney's fees of successful plaintiffs are mandatory under the Act which incorporates certain provisions of the Fair Labor Standards Act, including 29 U.S.C. § 216(b) which provides: "The court in such action ... shall allow [a prevailing plaintiff] a reasonable attorney's fee to be paid by the defendant, and cost of the action." See 29 U.S.C. § 626(b).

3. Rule 58 provides in pertinent part:
"Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court * * *." The docket entry shows that judgment was entered on the jury verdict on June 11, 1980. The actual judgment is dated erroneously May 11, 1980.

4. Rule 59(e) provides:
"A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

consolidated by this Court on November 18, 1980, followed. Goldblatt contends that Harris was not entitled to backpay or liquidated damages (No. 80–2331) and that the district court erred in not dismissing Harris' Petition for Attorney's Fees as untimely (No. 80–2623). Harris contends that the district court erred in holding compensatory and punitive damages unavailable under the Act (No. 80–2358), in dismissing his Motion for Equitable Relief as untimely (No. 80–2358), in awarding only $12,000 in attorney's fees (No. 80–2647) and denying his Motions for Review of Taxation of Costs and for Enlargement of Time to file bill of Costs (No. 80–2647).

The central issue before us is whether the June 11, 1980, judgment entered by the district court clerk on the jury's June 11 general verdict was a final judgment. Goldblatt contends, and the district court agreed, that it was. The district court offered no reasons to support its ruling, but merely stated that it was a final judgment. Goldblatt's argument appears to be that since a final judgment does not become effective until entered on a separate document as required by Rules 58 and 79(a), a judgment entered on a separate document *a fortiori* is a final judgment. We cannot agree.[5]

■ A "judgment" within the meaning of the Federal Rules of Civil Procedure includes both final judgments and those interlocutory judgments from which an appeal lies. Rule 54(a), Fed.R.Civ.Pro. A "final judgment" for the purposes of the Federal Rules of Civil Procedure is equivalent to a final decision within the meaning of 28 U.S.C. § 1291 governing appealability. See *Bankers-Trust Co. v. Mallis*, 435 U.S. 381, 384 n. 4, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357; *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; *Acha v. Beame*, 570 F.2d 57 (2d Cir. 1978); 6 Moore's Federal Practice ¶ 54.20[1] n. 13. A final judgment for the purposes of 28 U.S.C. § 1291 is usually defined as a judg-

ment "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911; 9 Moore's Federal Practice ¶ 110.08. Thus where as here a judgment is rendered with respect to only part of the relief sought by plaintiffs and where consideration of further relief is specifically reserved, the judgment is not final. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435; *Acha v. Beame, supra; Aetna Casualty & Surety Co. v. Giesow*, 412 F.2d 468 (2d Cir. 1969).

■ In this case, the jury's verdict constituted only a partial adjudication of a single claim for legal and equitable relief, and the judgment entered thereon could therefore be only an interlocutory "judgment" in the absence of the entry of a Rule 54(b) judgment. *Funk v. Franklin Life Insurance Co.*, 392 F.2d 913 (7th Cir. 1968) (a jury verdict must resolve all issues in order for a judgment entry therein to constitute a final appealable order); accord, *General Motors Corp. v. Dade Bonded Warehouse, Inc.*, 498 F.2d 327 (5th Cir. 1974); *Danzig v. Virgin Isle Hotel, Inc.*, 278 F.2d 580 (3d Cir. 1960). Moreover, the parties and the court here expressly agreed that the issues of equitable relief and statutory attorney's fees would be heard by the court following the jury trial so that, Goldblatt's present position notwithstanding, it is plain that neither the parties nor the court ever contemplated that the jury verdict judgment would constitute the final judgment on Harris' case. Compare *Butler v. Stover Bros. Trucking Co.*, 546 F.2d 544 (7th Cir. 1977) (entry of judgment by clerk of district court pursuant to Rule 58 null and void where clerk should have been on notice that immediate entry was not intended although court statement to parties was not a direct order to clerk to forbear entry); see also *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 585 F.2d 821 (7th Cir. 1978) (in bifurcated proceedings such as here, post-judgment inter-

---

5. None of the cases cited by Goldblatt indicates a contrary result. Indeed, so few of the cases relied on support the proposition for which they are cited that the brief on this issue has the unfortunate appearance of a deliberate effort to mislead this Court.

est on money judgment runs from entry of judgment on jury verdict pursuant to Rule 58, not from judgment entered after court's award of equitable relief, which alone constituted final judgment).

Since the judgment entered by the district court clerk on the June 11 general jury verdict was not a final judgment, the district court erred in striking as untimely Harris' Motion for Equitable Relief [Reinstatement or, in the Alternative, Front Pay] and subsequently his Motions for Review of Taxation of Costs by Clerk and for Enlargement of Time to File Bill of Costs, but did not err in denying Goldblatt's motion to strike Harris' Petition for Attorney's Fees. In addition, since there still has been no final judgment on Harris' one claim for two types of relief, Goldblatt's appeals from the jury's award of backpay and liquidated damages and Harris' appeals from the amount of attorney's fees awarded and the dismissal of his claims for compensatory and punitive damages are premature. Accordingly, Goldblatt's appeals in No. 80–2331, Harris' cross-appeal in No. 80–2647 from the amount of attorney's fees awarded, and Harris' appeal in No. 80–2358 from the dismissal of his claims for compensatory and punitive damages are dismissed for want of appellate jurisdiction; the orders appealed from by Harris with respect to reinstatement in No. 80–2358 and with respect to costs in No. 80–2647 are reversed and remanded for further proceedings consistent with this order; and Goldblatt's appeal in No. 80–2623 is dismissed as moot by virtue of our decision in No. 80–2358.[6] Costs to be borne by Goldblatt.

---

6. When the case is finally decided below, the district judge shall explain the computations behind his assessment of the ultimate attorney's fees involved. If the case is later appealed to this Court, no further briefing nor oral argument will be required as to backpay and liquidated damages.