779 P.2d 1303

Albert SISEMORE and Eula Sisemore, husband and wife, George Sisemore, a minor, and Eula Sisemore, Conservator of the Estate of George Sisemore, a minor, Plaintiffs–Appellants, Cross–Appellees,

v.

FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona corporation, Farmers Group, Inc., and Farmers Insurance Exchange, a corporation, Defendants–Appellees, Cross–Appellants.

No. 1 CA–CV 9879.

Court of Appeals of Arizona, Division 1, Department B.

May 25, 1989.

Review Denied Oct. 24, 1989.

Bonn & Pohlman, Chartered by Robert J. Pohlman, Phoenix, for plaintiffs-appellants, cross-appellees.

Holloway & Thomas, P.C. by Paul W. Holloway and Thomas P. Burke II, Phoenix, for defendants-appellees, cross-appellants.

## OPINION

HAIRE, Judge.

The issues that we address in this appeal are: 1) whether this court has jurisdiction to hear plaintiffs' appeal from a partial summary judgment[1] that denied the plaintiffs' request for punitive damages, and; 2) whether this court has jurisdiction to hear defendants' cross-appeal from the denial of a motion to dismiss parties from the action.

## FACTS

Plaintiffs Albert Sisemore, Eula Sisemore and George Sisemore filed a breach of contract and bad faith action against their automobile insurance carrier, Farmers Insurance Company of Arizona. The appeal by the plaintiffs is from a partial summary judgment granted in favor of the defendant insurance company on the issue of punitive damages. The trial court held that the plaintiffs failed to meet their burden of proof in establishing that punitive damages were warranted under the facts presented in the summary judgment proceedings. The partial summary judgment included an express determination that there was no just reason for delay and directed the immediate entry of judgment.

The defendant, Farmers Insurance Company of Arizona, has cross-appealed from the trial court's denial of its motion to dismiss Albert and Eula Sisemore as plaintiffs in this action. The trial court incorporated the ruling denying the motion to dismiss into the judgment granting partial summary judgment and determined that Rule 54(b) certification was appropriate.

After reading the briefs discussing the merits of the substantive issues raised by the parties, we became concerned that this appeal might be premature. *See Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) (even if the parties do not raise the issue, the court must determine whether it has jurisdiction.) This court, *sua sponte*, raised the question of jurisdiction at oral argument, and requested that the parties submit simultaneous memoranda addressing the question of whether the insertion of a Rule 54(b) certification could give this court jurisdiction to hear these issues before the remainder of the action was finally adjudicated. We have considered the joint memorandum filed by the parties and we conclude that at this time we lack jurisdiction to hear either the appeal or the cross-appeal.

## THE APPEAL—PUNITIVE DAMAGES

In Arizona, the right to appeal is in general limited to final judgments that dispose of all claims in an action or to certain statutorily designated interlocutory judgments. *See* A.R.S. § 12–2101. However, in some instances where a judgment does not dispose of all of the claims, a trial court may make such judgment final and appealable by expressly finding that there is no just reason for delay and directing the entry of final judgment. Arizona Rules of Civil Procedure, Rule 54(b). Including Rule 54(b) language in a judgment or order does not by itself make that judgment or order immediately final and appealable. *Musa v. Adrian*, 130 Ariz. 311, 313, 636 P.2d 89, 91. The insertion of Rule 54(b) language only acts to make an order or judgment final and immediately appealable if the judgment completely disposes of an entire claim.[2] Multiple claims for relief exist when the facts give rise to more than

---

1. Rule 54(b), Arizona Rules of Civil Procedure, provides as follows:

   "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liablities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liablities of all the parties."

2. The provisions of Rule 54(b) relating to multi-party litigation are not pertinent to the questions presented in this appeal.

one legal right or cause of action. *Musa,* 130 Ariz. at 313, 636 P.2d at 91. The determination rests on whether the different claims could be separately enforced. *Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 365 P.2d 208 (1961).

▪ The parties here jointly assert that the plaintiffs' "claim" for punitive damages constitutes a separate claim within the meaning of Rule 54(b), and that accordingly the appeal is properly before this court. They argue that because the "claim" for punitive damages provides for a remedy not generally available under the contract or bad faith claims, and because it is not simply an alternative theory of relief, it is a distinct claim under the test adopted by the supreme court in *Musa v. Adrian.*

The parties also maintain that this court's acceptance of this appeal will further the policy goals of Rule 54(b). Accepting this appeal will promote judicial economy, according to the parties, because this court has already read the briefs and heard oral argument on the issues. The parties also assert that appellate review at this time is appropriate because a later review on appeal and remand on this issue after a trial on the merits, will result in a retrial of the same issues. Finally, they argue that review is appropriate now because the plaintiffs will appeal from the denial of their request for punitive damages even if they prevail at trial and recover a judgment for compensatory damages.

Plaintiffs' complaint in this litigation alleged a contract claim and a tort claim for insurer bad faith. Arguably, if either of these claims were completely disposed of by the partial summary judgment, and if the court included in the judgment an express determination that there was no just reason for delay and directed entry of judgment, then that judgment would be final and immediately appealable to this court. Those are not the facts of this case.

Here, neither the contract claim nor the bad faith claim is disposed of by the judgment. Both claims remain to be litigated. The only issue that was decided by the judgment was a limitation on the type of damages that might be recovered. The trial court determined that punitive damages were not available under the bad faith claim. We agree that punitive damages are not always available as a remedy in a bad faith claim. Punitive damages are only awarded in special circumstances.

Contrary to the assertions by the parties, this fact alone does not make the request for punitive damages a separate and distinct claim for relief. The punitive damage "claim" and the bad faith claim are inextricably linked. Punitive damages may not be awarded unless it is first found that the insurance company acted in bad faith. This is not a "claim" that can be enforced separately from the bad faith claim.

Although Arizona's Rule 54(b) is identical to its counterpart in the Federal Rules of Civil Procedure and similar, if not identical, provisions have been adopted in many states, the parties have not submitted any authorities holding that a request for a certain type of damages constitutes a separate claim for Rule 54(b) purposes. Our research reveals that the courts that have considered this issue have concluded that it is not. In discussing the question, *Wright, Miller & Kane* states:

"... when a plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [Rule 54(b) ] does not apply." 10 *C. Wright, A. Miller & M. Kane,* Federal Practice and Procedure § 2657 at 69–71 (1983).

*See International Controls Corp. v. Vesco,* 535 F.2d 742, 748 (2d Cir.1976) (district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed); *Marino v. Nevitt,* 311 F.2d 406 (3d Cir. 1963) (appeal dismissed from a partial summary judgment denying two elements of damage on a single claim); *Harris v. Goldblatt Bros., Inc.,* 659 F.2d 784 (7th Cir. 1981) (plaintiff's attempted appeal from partial summary judgment denying his claim for punitive damages and certain other types of relief dismissed as premature); *Public Service Company of Colorado v. Linnebur,* 687 P.2d 506 (Colo.App.1984), *affirmed,* 716 P.2d 1120 (Colo.1986) (appeal

 

dismissed from ruling which in effect precluded plaintiff's request for a certain type of damages); *Landry v. G.B.A.,* 762 F.2d 462, 464 (5th Cir.1985) (failure to dispose of damages for breach of duty to defend precludes Rule 54(b) certification); *United States v. Burnett,* 262 F.2d 55 (9th Cir. 1958) (appeal dismissed from ruling disposing of present damages but not of future damages); and *Leonard v. Socony–Vacuum Oil Co., Inc.,* 130 F.2d 535 (7th Cir. 1942) (appeal dismissed from ruling in antitrust action denying two of plaintiff's damage claims).

In our opinion the principles stated in *Wright, Miller & Kane* and the foregoing authorities are sound and legally correct. Accordingly, we conclude that the judgment rejecting the plaintiffs' request for punitive damages is not appealable because the request for punitive damages is not a separate claim for relief under Rule 54(b).

## THE MOTION TO DISMISS

The sole argument raised by the parties in support of their position that the denial of the motion to dismiss may properly be reviewed by this court at this time, is that judicial economy warrants review now. We disagree.

As previously discussed, a Rule 54(b) determination with respect to an order that does not adjudicate one or more of the claims asserted in the action will not render the order substantively appealable. *Musa v. Adrian,* 130 Ariz. 311, 636 P.2d 89 (1981). The trial court's order denying defendant's motion to dismiss Albert and Eula Sisemore from this action did not dispose of any claims. It merely left those claims pending for future adjudication. Therefore Rule 54(b) certification with respect to that order did not render the order immediately appealable. Arizona courts have consistently held that an order denying a motion to dismiss is not appealable. *Northern Propane Gas Company v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (1980); *Land Department v. O'Toole,* 154 Ariz. 43, 739 P.2d 1360 (App.1987). For these reasons we conclude that we do not have jurisdiction to review the trial court's denial of the motion to dismiss.

## CONCLUSION

We note the policy arguments made by the parties in support of their position that jurisdiction should be accepted in this case. However, we have no statutory jurisdiction to hear this appeal or the cross-appeal because the rulings appealed from are not final. Because we lack jurisdiction, we have no discretion to proceed further.

The appeal and cross-appeal are dismissed.

CONTRERAS, P.J., and EUBANK, J., concur.