·812 P.2d 1119

Marlin DAVIS, Sr., and Joyce Davis, his wife, surviving parents of Herbert E. Davis, deceased, and Matthew A. Davis, deceased; and Robert H. Hensley and Pamela Hensley, his wife, surviving parents of Robert H. Hensley II, deceased, Plaintiffs–Appellants,

v.

The CESSNA AIRCRAFT CORPORATION, a Kansas corporation, Defendant–Appellee.

No. 1 CA–CV 89–306.

Court of Appeals of Arizona, Division 1, Department B.

May 16, 1991.

Reconsideration Denied July 8, 1991.

Langerman, Begam, Lewis & Marks by Elliot G. Wolfe and Cora Perez, Phoenix, for plaintiffs-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Larry L. Smith and Michael W. Carnahan, Phoenix, for defendant-appellee.

## OPINION

EHRLICH, Judge.

The plaintiffs appeal from the dismissal of their strict liability claim against The Cessna Aircraft Corporation. The trial court certified the dismissal under Rule 54(b), *A.R.Civ.P.* We hold that the dismissal order was not a final judgment and therefore that we lack subject-matter jurisdiction to decide this appeal.

## FACTS AND PROCEDURAL HISTORY

An airplane manufactured by Cessna crashed near Camp Verde, Arizona, on November 22, 1987. The plane was piloted by Marlin E. Davis, Jr.; his passengers were Herbert E. and Matthew A. Davis, his brothers, and Robert H. Hensley II. The four men died in the crash.

The parents of the deceased men filed two actions in Maricopa County Superior Court, No. CV 87–38359 (Cause No. 59) and No. CV 87–38360 (Cause No. 60). Cause No. 59, filed by Mr. and Mrs. Davis, contained a strict liability count against Cessna, Teledyne Industries, Inc. and Superstition Air Service, Inc. for alleged defects in the design, manufacture and labeling of the aircraft, and negligence counts against other defendants. Cause No. 60, filed by Mr. and Mrs. Davis and Mr. and Mrs. Hensley, also contained a strict liability count against Cessna, Teledyne and Superstition Air Service, and negligence counts against other defendants. In addition to the defendants in Cause No. 59, the Davises and Hensleys named the personal representative of the estate of Marlin Davis, Jr., as a defendant in Cause No. 60.

Cessna filed motions to dismiss both complaints, arguing that because it first sold the aircraft in 1972, the strict liability actions were barred by the twelve-year limitations period of A.R.S. § 12–551, Arizona's "statute of repose" for product liability cases.[1] The plaintiffs responded that the plane's fuel delivery system did not adequately manage "vapor lock." They argued that Cessna had continually modified the fuel system into the early 1980s as an attempt to correct perceived design flaws. The modifications consisted of repair directives, inserts into the owner's manual and a placard on procedures for restarting a stalled engine. The plaintiffs contended that these revisions constituted a "new design" of the product and that the crash therefore occurred within the twelve-year period set forth in A.R.S. § 12–551. They alternatively argued that A.R.S. § 12–551 unconstitutionally denied individuals equal protection.

The plaintiffs also filed motions to amend their complaints. They sought to add a negligence count against Cessna and Teledyne "that arose out of the same conduct or occurrence set forth in the original complaint."

The trial court heard oral argument on Cessna's motion to dismiss and the plaintiffs' motion to amend the complaint in Cause No. 60. The court granted both motions. The trial court later heard oral arguments on Teledyne's motion to consolidate the two actions, in which motion Cessna joined, and on Cessna's motion to dismiss in Cause No. 59.[2] It granted both of those motions.

Cessna submitted a form of judgment dismissing the plaintiffs' strict liability claim. While the plaintiffs objected to the inclusion of Rule 54(b), *A.R.Civ.P.,* language in the judgment because they were proceeding against Cessna on other counts, an order with that certification was entered.[3] The plaintiffs filed a timely notice of appeal.

---

1. A.R.S. § 12–551 states: "A product liability action as defined in § 12–681 shall be commenced and prosecuted within the period prescribed in § 12–542, except that no product liability action may be commenced and prosecuted if the cause of action accrues more than twelve years after the product was first sold for use or consumption, unless the cause of action is based upon the negligence of the manufacturer or seller or a breach of an express warranty provided by the manufacturer or seller."

2. Cessna filed a supplemental memorandum in Cause No. 59, contending that the trial court's ruling in Cause No. 60 constituted the law of the case and should control in Cause No. 59. The trial court's ruling in Cause No. 60 was not the law of the case. The law of the case is a decision by an appellate court which has achieved finality and thus binds a trial court and an appellate court in subsequent proceedings in the same action. *Stearns–Roger Corp. v. Hartford Accident & Indemnity Co.,* 117 Ariz. 132, 134, 571 P.2d 278, 280 (App.1976), *vacated on other grounds,* 117 Ariz. 162, 571 P.2d 659 (1977). *See Black's Law Dictionary* 798 (5th ed. 1979). There had not yet been an appellate decision on the motion to dismiss and therefore the law of the case principle did not apply.

3. Rule 54(b) provides in pertinent part: "When more than one claim for relief is presented in an action, ... the court may direct the entry of final judgment as to one or more but fewer than

## LACK OF JURISDICTION

This court has the duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal. *E.g., Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981); *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 43, 365 P.2d 208, 209 (1961). The general rule is that an appeal lies only from a final judgment. *E.g., Musa*, 130 Ariz. at 312, 636 P.2d at 90; *Sisemore v. Farmers Ins. Co. of Arizona*, 161 Ariz. 564, 565, 779 P.2d 1303, 1304 (App.1989); *see also* A.R.S. § 12–2101(B) (permitting appeal from final judgment).[4] We conclude that we lack jurisdiction in this case because the order of dismissal was not a final judgment in this case.

After the adoption of the rules of civil procedure liberalizing multi-claim and multi-party litigation, Rule 54(b), *A.R. Civ.P.*, was promulgated to relieve parties of the delay caused by the ongoing litigation of other claims. The rule allows a trial court to certify finality to a judgment which disposes of one or more, but not all, of the multiple claims, if the court determines that there is no just reason for delay and directs the entry of judgment. *See Stevens*, 90 Ariz. at 44, 365 P.2d at 210. However, Rule 54(b) did not change the rule against deciding appellate cases in a piecemeal fashion. *Marshall v. Williams*, 128 Ariz. 511, 513, 627 P.2d 242, 244 (App. 1981).

> By thus forbidding certification of an order dismissing fewer than all of a party's legal theories based on the same transaction, the courts leave open the possibility that the party will still be awarded relief, an event that would render unnecessary an appellate determination on the dismissal; this possibility disappears where no alternative theory for relief remains.... In addition to eliminating unnecessary appeals, [this approach] avoids appellate review of the same evidence on more than one appeal.

> all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment...."

*Id.* at 513–14, 627 P.2d at 244–45, quoting *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir.1978), quoting in turn, Note, *Appealability in the Federal Courts*, 75 Harv.L. Rev. 351, 360–61 (1961); *see Musa*, 130 Ariz. at 312, 636 P.2d at 90. In other words, Rule 54(b) is a compromise between the rule against deciding appeals in a piecemeal fashion and the desirability of having a final judgment in some situations with multiple claims or parties. *E.g., Pulaski v. Perkins*, 127 Ariz. 216, 218, 619 P.2d 488, 490 (App.1980).

Before a trial court may certify a judgment under Rule 54(b), it must find that the judgment is final, that is, "an ultimate disposition of an individual claim." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). This determination by the trial court is reviewed de novo. *Indiana Harbor Belt R. Co. v. American Cyanamid*, 860 F.2d 1441, 1444 (7th Cir.1988) (citing *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980)). A trial court's Rule 54(b) certification does not give this court jurisdiction to decide an appeal if the judgment in fact is not final, i.e., did not dispose of at least one separate claim of a multi-claim action. *E.g., Sisemore*, 161 Ariz. at 565, 779 P.2d at 1304; *Musa*, 130 Ariz. at 313, 636 P.2d at 91.

A party has multiple claims if the factual basis for recovery states different claims that could be separately enforced. *E.g., Continental Casualty v. Superior Court*, 130 Ariz. 189, 191, 635 P.2d 174, 176 (1981); *Title Ins. Co. of Minnesota v. Acumen Trading Co.*, 121 Ariz. 525, 526, 591 P.2d 1302, 1303 (1979); *see Indiana Harbor Belt R. Co.*, 860 F.2d at 1444–45.

> A single claimant presents multiple claims for relief ... when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action.... However, when a claimant

---

4. The parties have not argued that we have jurisdiction under any other statute.

presents a number of legal theories, but will be permitted to recover only on one of them, his bases for recovery are mutually exclusive, or simply presented in the alternative, and he has only a single claim for relief for purposes of rule 54(b).

*Musa*, 130 Ariz. at 313, 636 P.2d at 91, quoting Wright and Miller, *Federal Practice and Procedure: Civil* § 2657 (1973).

The question presented in this case is whether the order dismissing the plaintiffs' strict liability claim against Cessna disposed of a separate claim when a negligence claim arising from the same conduct remained. If not, the judgment was not final and could not be made appealable simply by the inclusion of Rule 54(b) language. The plaintiffs assert that the strict liability claim and the negligence claim present different issues so that we will not be required to decide the same issues again if there is an appeal subsequent to this one. Cessna, on the other hand, argues that the trial court's dismissal of the strict liability claim only eliminated one of the plaintiffs' theories of recovery and did not resolve a separate claim.

The opinion in *Indiana Harbor Belt R. Co.* is instructive. Indiana Harbor Belt Railroad (IHB) sued American Cyanamid (Cyanamid) for cleanup costs after one of Cyanamid's tank cars leaked a hazardous chemical on IHB's property. One count of IHB's complaint asserted that Cyanamid was negligent in three ways: (1) in loading the chemical into a defective railroad car, (2) by failing to properly secure the car to prevent leakage and (3) by failing to inspect the car before releasing it to the railway company which transported it to IHB's property. Another count asserted strict liability for Cyanamid's participation in the ultra-hazardous activity of transporting the chemical in interstate commerce. The district court granted IHB's motion for summary judgment on the strict liability claim and certified the judgment under Rule 54(b), *Fed.R.Civ.P*. The court of appeals dismissed Cyanamid's appeal, holding that there was no finality and offering the following insight:

> [We] have adopted a standard which focuses on the degree of factual overlap between the issue certified for appeal and the issues remaining in the district court. "(T)wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.'"... Subsumed within the significant factual overlap theory is the rule that a claimant who has set forth a number of legal theories in support of only one possible recovery has stated only one claim for relief.

860 F.2d at 1444–45 (citations omitted).

The reasoning behind the decision in *Indiana Harbor Belt R. Co.* is compelling when applied to this case because the plaintiff's strict liability and negligence counts are more factually related than they were in *Indiana Harbor Belt R. Co.* In the present case, the negligence and strict liability both lie in Cessna's placing an allegedly dangerously defective product on the market. The plaintiffs' strict liability count against Cessna is not a separate claim from the negligence count, but merely a separate, alternative theory of recovery. The plaintiffs are limited to a single recovery against Cessna no matter how many theories they may advance. *E.g., Marshall*, 128 Ariz. at 513–14, 627 P.2d at 244–45. When a plaintiff brings a product liability action in negligence and strict liability, arising out of the same conduct, only one claim is presented for purposes of Rule 54(b).

### CONCLUSION

The order dismissing Cessna from the strict liability count did not completely dispose of an entire claim and therefore was not final in spite of the certification under Rule 54(b). This court accordingly lacks jurisdiction to decide the merits of the appeal. *See* A.R.S. § 12–2101(B).

The appeal is dismissed and the matter is remanded to the superior court for further proceedings.

JACOBSON, P.J., and EUBANK, J., concur.