IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



FILED BY CLERK

MAR 23 2007

COURT OF APPEALS
DIVISION TWO

JOON NAE KIM, a married man, and          )
CHANG NAE KIM, a married man,             )
                                          )          2 CA-CV 2006-0069
                    Plaintiffs/Appellants, )         DEPARTMENT B
                                          )
              v.                          )          O P I N I O N
                                          )
HAIDER MANSOORI, a single man,            )
                                          )
                    Defendant/Appellee.   )
                                          )

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause Nos. CV200401185 and CV200401234 (Consolidated)

Honorable Stephen F. McCarville, Judge

APPEAL DISMISSED

Hoopes & Adams, PLC
  By John R. Hoopes                                                    Chandler
                                                Attorneys for Plaintiffs/Appellants

Mack & Associates, P.C.
  By Richard V. Mack, Scott M. Drucker,
    and Corey I. Richter                                                Phoenix
                                                Attorneys for Defendant/Appellee

E C K E R S T R O M, Presiding Judge.

¶1         Appellants Joon Nae Kim and Chang Nae Kim appeal from the trial court's grant of summary judgment on their claim for attorney fees under A.R.S. § 12-341.01 against appellee Haider Mansoori.  On appeal, the Kims argue Mansoori's motion for summary judgment was premature and the trial court abused its discretion when it certified the judgment as final under Rule 54(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 2.  We agree, and because the trial court erred when it certified the judgment as final, we dismiss the appeal for lack of jurisdiction.

¶2         The Kims entered into a contract to purchase approximately forty acres of vacant land in Pinal County for $160,000 from Fahmy David Ghobrial.  The Kims were represented by their own real estate agent, and Mansoori represented Ghobrial.  After Ghobrial failed to convey the property as required by the contract, the Kims filed a complaint against him, claiming breach of contract and seeking specific performance, damages, and attorney fees.  Mansoori maintained that Ghobrial had signed the agreement, but Ghobrial denied doing so and asserted that the signatures on the contract were not his.[1]  The Kims amended their complaint to include Mansoori as a defendant, asserting claims of fraud and consumer fraud against him and requesting attorney fees under § 12-341.01.

---

[1]About a month after the Kims entered into a contract with Ghobrial, Steven and Rania Sayegh entered into a contract with Ghobrial to purchase the same property.  When Ghobrial failed to convey the land to the Sayeghs according to their agreement, they also filed a complaint for breach of contract and sought specific performance.  Not long after, the trial court ordered the cases consolidated.

¶3	Mansoori filed a motion for partial summary judgment against the Kims on the claim for attorney fees, asserting the Kims could not be awarded attorney fees under § 12-341.01 because the action did not "aris[e] out of a contract." The Kims responded that the motion was "premature and procedurally inappropriate" because Rule 54(g)(2), Ariz. R. Civ. P., requires that attorney fees be decided after a decision on the merits of a case.

¶4	After a hearing, the court granted Mansoori's motion, finding the Kims would not be entitled to attorney fees under § 12-341.01 because "there is no[] contract between Mansoori and Kim." Soon thereafter, Mansoori filed a form of judgment, proposing that the judgment be entered pursuant to Rule 54(b). The Kims filed an objection to the proposed form of judgment, asserting that certification under Rule 54(b) would be inappropriate because the request for attorney fees was not a separate claim. Nonetheless, the court directed the entry of judgment pursuant to Rule 54(b), purportedly making the judgment final and appealable. The Kims now challenge the propriety of the trial court's Rule 54(b) certification of the claim as a final judgment.

¶5	Although neither party asserts that this court lacks jurisdiction to consider the appeal before us, we may examine our jurisdiction *sua sponte. See Salerno v. Atlantic Mut. Ins. Co.*, 198 Ariz. 54, ¶ 9, 6 P.3d 758, 761 (App. 2000). In fact, "[t]his court has the duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991); *see also*

3

*Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) ("Even though the parties do not raise the issue, the appellate court must determine that it has jurisdiction.").

¶6        Generally, appellate court jurisdiction is "limited to final judgments which dispose of all claims and all parties." *Musa*, 130 Ariz. at 312, 636 P.2d at 90; *see also* A.R.S. § 12-2101(B). Rule 54(b) provides an exception when the trial court "direct[s] the entry of final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." We review a Rule 54(b) certification for an abuse of discretion, *Southern California Edison Co. v. Peabody Western Coal Co.*, 194 Ariz. 47, ¶ 19, 977 P.2d 769, 775 (1999), unless the issue is whether "the judgment in fact is not final, i.e., did not dispose of at least one separate claim of a multi-claim action," in which case, we review the trial court's determination *de novo. Davis*, 168 Ariz. at 304, 812 P.2d at 1122; *see also Lloyd v. State Farm Mut. Auto. Ins. Co.*, 189 Ariz. 369, 373, 943 P.2d 729, 733 (App. 1996).

¶7        The Kims argue the trial court erred when it certified as a final judgment the summary judgment against them on their claim for attorney fees. Specifically, they contend such a claim in this particular context is not a separate one under Rule 54(b) and is therefore not eligible for certification as a final judgment. Because this is a case of first impression, we must interpret the civil procedure rules by employing principles of statutory construction. *See Byers-Watts v. Parker*, 199 Ariz. 466, ¶ 10, 18 P.3d 1265, 1268 (App. 2001). "Our

4

construction must necessarily be governed by the overarching principle that when interpreting a court rule or statute, we are seeking to ascertain the intent of the framer." *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App. 1996). If the plain text of the rule is unambiguous, then it "will be given its usual, ordinary meaning unless doing so creates an absurd result." *State v. Aguilar*, 209 Ariz. 40, ¶ 23, 97 P.3d 865, 872 (2004). But, if the language is ambiguous, then "we may look at a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose." *State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991).

**¶8**         Mansoori contends Rule 54(b) clearly contemplates that, for purposes of the rule, a claim for attorney fees may be considered a separate claim. Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.

Mansoori argues that, with the addition of the last sentence in 1999, the rule "specifically provides that attorneys' fees are a separate claim and, therefore, may be determined without resolving any or all of the other claims in the case."

¶9 But that sentence, read in its entirety and in the context of the committee note and other provisions of Rule 54, provides a trial court discretion to treat a claim for attorney fees as a separate claim, subject to Rule 54(b) certification, only in the context of a "related judgment regarding the merits of a cause." *Id.* Here, the trial court granted judgment on the Kims' claim for attorney fees without entering a related judgment on the merits of the cause. The State Bar Committee Notes to the 1999 amendments explain the rationale for the pertinent provision as follows:

> [T]here may be good reasons to entertain an immediate judgment on the merits of a cause, while leaving attorneys' fees issues to be addressed later. Rule 54(b) was amended in 1999 to permit that approach. Under the amended rule, the trial judge may certify the "merits" judgment for immediate entry and appeal before such judge renders a decision on the attorneys' fees issues. The trial court will retain jurisdiction to address the attorneys' fee issue after the appeal of a Rule 54(b) certified judgment on the merits.

Ariz. R. Civ. P. 54(b) bar committee note. Thus, the framers intended to permit a trial court to characterize a claim for attorney fees as a separate claim so it would have the discretion to enter an immediate, appealable judgment *on the merits*—notwithstanding lingering and unresolved attorney fees issues. *Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.*,

6

211 Ariz. 210, ¶ 33, 119 P.3d 477, 484 (App. 2005).[2] The note provides no express support for entering an appealable judgment on an attorney fee claim in the absence of judgment on the merits. And, to the extent the Arizona Appellate Handbook may state otherwise, it is not precedential authority. *See* 1 State Bar of Arizona, Arizona Appellate Handbook § 3.3.1.6.1 (4th ed. 2000).

¶10 We agree with the Kims that Rule 54(g)(2) more squarely addresses, and resolves, the scenario here. That subsection states:

> When attorneys' fees are claimed, *the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause.* The motion for attorneys' fees shall be filed within 20 days from the clerk's mailing of a decision on the merits of the cause, unless extended by the trial court.

(Emphasis added.) In short, the rule governing the procedure for claiming and being awarded attorney fees expressly precludes a determination on an attorney fee request prior to a decision on the merits. Therefore, Rule 54(b) cannot be read, by silence or by implication, to authorize certification of a type of final judgment—a judgment on an attorney fee claim preceding a decision on the merits—that is expressly forbidden in Rule 54(g).

---

[2]Our understanding of the purpose of this language is reinforced by the State Bar Committee Notes for Rule 58(g), Ariz. R. Civ. P., 16 A.R.S., Pt. 2. Rule 58(g) requires that judgment not be entered until claims for attorney fees have been addressed "[e]xcept as provided in Rule 54(b)." In explaining the purpose of that exception, the notes observe: "In the rare case in which a judgment on the merits of a cause would be appropriate prior to resolution of attorneys' fees, the trial court may certify the entry of a 'merits' judgment under Rule 54(b)." Notably absent is any reference to certifying the entry of an attorney fee judgment as a separate claim before entry of a merits judgment.

¶11        Mansoori counters that, when all subsections of Rule 54(g) are read together, the sequencing limitation to determining an attorney fee request does not apply to this situation because "Rule 54(g) is intended to govern a court's determination as to the amount of attorneys' fees[,] . . . not a determination as to entitlement thereto." But no language in any of the four subsections of Rule 54(g) suggests that the "determination as to the claimed attorney's fees" refers exclusively to the amount of fees as distinguished from the determination of a party's entitlement to them. To the contrary, subsection (1) uses the phrase "claim for attorneys' fees" when setting forth a procedural requirement at the pleading stage—a stage at which the amount of fees would not even be a relevant issue because the amounts would not yet be known.

¶12        We acknowledge that, under the exceptional circumstances of this case, the trial court arguably possessed enough information to assess whether the Kims' claims for attorney fees could survive summary judgment. But, a party's entitlement to attorney fees cannot, in most cases, be determined until the court has first reached a decision "on the merits of the cause." For example, § 12-341.01, the provision under which the Kims seek attorney fees, authorizes an award of such fees to a "successful party" in litigation arising out of a contract or "upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and is not made in good faith." § 12-341.01(A) and (C). Both potential bases of award generally presuppose a prior decision on the merits. Thus, in the absence of any language in Rule 54(g)(2) limiting its scope to determinations of the amount

8

of attorney fees, and given the obvious logic of awaiting a decision on the merits under most circumstances to determine a threshold entitlement to fees, we find little ambiguity in the rule's requirement that all determinations on attorney fees await a decision on the merits.

¶13 For the foregoing reasons, we find the purpose of the 1999 amendment to Rule 54(b) was to allow a determination of attorney fees to be made after a judgment on the merits and did not contemplate or address a determination of attorney fees before a judgment on the merits. We therefore conclude Rule 54(b) cannot be read to authorize the certification of a judgment expressly prohibited by Rule 54(g)(2). Accordingly, the trial court erred when it certified as final a judgment on an attorney fee claim pursuant to Rule 54(b) in advance of a "related judgment regarding the merits of [the] cause."

¶14 Because this court lacks jurisdiction over this appeal, it is dismissed.


_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
PHILIP G. ESPINOSA, Judge

9