**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY ADRIAN; MARIA M. ADRIAN, | No. 15-15583 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-00189-FJM |
| v. | MEMORANDUM[*] |
| ONEWEST BANK, FSB, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted March 14, 2017
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Anthony and Maria Adrian (Adrians) appeal from the district court's

judgment in favor of OneWest Bank, FSB (OneWest) following a jury trial. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Adrians argue first that the district court should have allowed them to depose OneWest's corporate representative after the discovery deadline established in the scheduling order. This argument challenges two of the district court's orders. The first order rejected the parties' stipulated extension of the discovery deadline, and the second denied the Adrians' motion for additional discovery under Federal Rule of Civil Procedure 56(d). Both decisions are reviewed for abuse of discretion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (motion to modify scheduling order); *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (motion to conduct additional discovery).

Although the parties styled their agreed extension as a stipulation to extend the discovery deadline, the district court properly treated it as a joint motion because the judge must consent to any modification of a scheduling order. Fed. R. Civ. P. 16(b)(4). Furthermore, a scheduling order "may be modified only for good cause." *Id.* The district court did not abuse its discretion by concluding that the parties had failed to carry that burden because the only stated basis for the extension was "conflicts caused by other cases." On appeal, the Adrians assert that the parties requested the extension because OneWest had not produced its corporate representative timely to be deposed. There is nothing in the record, however, to show that the parties informed the district court of this problem before

2

it rejected the stipulation. We will not reverse the district court for failing to account for information that was not before it. *See Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009).

As a general matter, we encourage parties to cooperate in resolving this sort of issue. If they can do so without court intervention, so much the better. But at some point, a party must act to protect its interest in obtaining necessary discovery. The Adrians did not use any of the available options to notify the court of their predicament until the very end of the discovery period, and even then only advised the court that the delay was caused by the attorneys' workloads. This is not adequate diligence. *See Zivkovic*, 302 F.3d at 1087–88. At the same time, OneWest's conduct in hiding behind the scheduling order after it failed to produce its corporate representative timely is not something that should be emulated either. Neither party acted as it should have, but the district court cannot be faulted for the result because the parties did not provide it with the necessary information.

Nor did the district court abuse its discretion by denying the Adrians' subsequent Rule 56(d) motion for additional discovery. Such a motion need only be granted where "the movant diligently pursued its previous discovery opportunities." *Qualls*, 22 F.3d at 844 (emphasis omitted). As with the stipulation to extend discovery, nothing in the record at the time the district court ruled

supported a finding that the Adrians had diligently pursued their previous opportunities. Accordingly, they were not entitled to additional discovery under Rule 56(d).

Next, the Adrians contend that the district court should have excluded the testimony of Justin Rock, OneWest's corporate representative, and recordings of calls between Mr. Adrian and OneWest that were not disclosed until long after the scheduling order's deadline. In both instances, the Adrians sought exclusion as a sanction for OneWest's alleged discovery violations. Accordingly, we review for abuse of discretion. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001).

The district court did not abuse its discretion by allowing Rock to testify because there is no evidence that the late disclosure of Rock's identity prejudiced the Adrians. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (identifying "risk of prejudice" to party affected by discovery violation as relevant factor in reviewing district court's imposition of sanction). The Adrians did not need to know Rock's identity to notice a deposition of OneWest's corporate representative, *see* Fed. R. Civ. P. 30(b)(6), and OneWest disclosed early on that the "Person Most Knowledgeable for OneWest Bank" would likely have discoverable information. Since Rock testified only in a representative capacity for

OneWest, it is not clear what other discovery the Adrians could have conducted with respect to him other than that authorized by Rule 30(b)(6). Absent prejudice, there was no abuse of discretion.

The admission of the call recordings solely for impeachment purposes, even if an abuse of discretion, was harmless in light of the other evidence that OneWest introduced at trial to impeach the Adrians' credibility. This evidence included the Adrians' application for a loan modification under the Home Affordable Modification Program (HAMP), Mr. Adrian's written correspondence describing his family's dire financial situation, and OneWest's letters to the Adrians indicating that they might not be eligible for a HAMP modification. Because "it is more probable than not that the jury would have reached the same verdict" even without the call recordings, we will not reverse the judgment. *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005); *see also United States v. 1,071.08 Acres of Land*, 564 F.2d 1350, 1353 (9th Cir. 1977) ("[T]he admission of improper evidence is to be ignored unless substantial rights of the parties are thereby affected").

The district court did not err by granting judgment as a matter of law on the Adrians' request for punitive damages. *See Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999) ("We review the district court's order granting . . . judgment

5

as a matter of law *de novo*"). The Adrians presented no evidence that OneWest had an "evil mind" as required to obtain punitive damages under Arizona law. *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986). Furthermore, a request for punitive damages is not a stand alone claim, but is instead "inextricably linked" to an underlying cause of action. *See Sisemore v. Farmers Ins. Co. of Ariz.*, 779 P.2d 1303, 1305 (Ariz. Ct. App. 1989). The jury returned verdicts for OneWest on all of the Adrians' claims, so there is no liability to which the punitive damages could attach at this point. Accordingly, the district court properly granted judgment as a matter of law.

Finally, the district court did not abuse its discretion by refusing to give an adverse inference instruction as a sanction for OneWest's failure to disclose all call logs relating to the Adrians' loans. There is no evidence that OneWest failed to disclose the second call log in bad faith, so an adverse inference instruction was not required. *Cf. Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 824 (9th Cir. 2002) ("When relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference from the loss may be rejected").

**AFFIRMED.**