NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUSIE B., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, L.T.,
N.T., *Appellees.*

No. 1 CA-JV 18-0024
FILED 6-14-2018

Appeal from the Superior Court in Maricopa County
No.  JD 33345
The Honorable M. Scott McCoy, Judge

**DISMISSED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

---

**C A M P B E L L**, Judge:

¶1 Susie B. ("Mother") appeals from the superior court's ruling terminating her relationship with her two children, N.T. and L.T. (together, the "Children"). She argues the superior court erred by concluding she failed to demonstrate good cause for her failure to appear at the termination hearing. For the following reasons, we dismiss for lack of jurisdiction.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In October 2016, the Department of Child Safety ("DCS") filed a dependency petition asserting that the Children were dependent as to Mother. DCS moved for termination in August 2017 under two statutory grounds: Mother's inability to discharge her parental responsibilities because of a history of chronic substance abuse, Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3), and Mother's neglect or willful refusal to remedy the circumstances that had caused the Children to be in an out-of-home placement for nine months or longer, A.R.S. § 8-533(B)(8)(a).

¶3 Mother did not appear at the contested termination hearing on December 13, 2017. The court found that Mother failed to appear without good cause and allowed DCS to proceed in her absence. The court terminated Mother's parental rights and ordered DCS to lodge findings of fact and conclusions of law within 10 days which the court would then sign as its final order.

¶4 On December 21, 2017, Mother filed a motion for a good-cause finding for her failure to appear and to set aside the termination ruling. On January 9, 2018, the superior court signed the findings of fact and conclusions of law submitted by DCS without having ruled on Mother's motion, and on January 23, Mother filed a notice of appeal from that order. On January 29, the superior court filed an order denying Mother's motion for a good-cause finding for her failure to appear and to set aside the termination ruling.

**DISCUSSION**

**¶5**　　　　"This court has the duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991). While we have jurisdiction to review Mother's appeal from the court's order terminating her parental rights under A.R.S. §§ 8-235(A), 12-2101(A), and 12-120.21(A), Mother specifies the January 9 order terminating her parental rights in her notice of appeal. The only arguments Mother raises in her opening brief concern the court's order denying her motion to find good cause for her failure to appear.

**¶6**　　　　Under Arizona Rule of Procedure for the Juvenile Court 104(B), "[t]he notice of appeal . . . shall . . . designate the final order or part thereof appealed from." Absent "a timely notice of appeal following entry of the order sought to be appealed, we are without jurisdiction to determine the propriety of the order sought to be appealed." *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982); *see also China Doll Restaurant, Inc. v. Schweiger*, 119 Ariz. 315, 316 (App. 1978) (court of appeals has no jurisdiction to consider an issue not contained in the notice of appeal).

**¶7**　　　　Here, Mother contests neither the statutory grounds upon which the court terminated her parental rights, nor its finding that termination would be in the Children's best interests—i.e., the issues contained in the January 9 order from which she specifically filed her notice of appeal with this court. Rather, Mother only argues she had good cause for her failure to appear at the hearing, an issue the court only addressed in its January 29 order denying her motion and from which Mother did not file an appeal. Therefore, we are without jurisdiction to consider Mother's appeal.

**CONCLUSION**

**¶8**　　　　For the foregoing reasons, we dismiss Mother's appeal for lack of jurisdiction.

