NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEVIN ANDRICH, *Plaintiff/Appellant*,

*v.*

JEROME FRANCIS MEYERS, JR., et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0755
FILED 11-12-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-000376
The Honorable James D. Smith, Judge

**APPEAL DISMISSED**

APPEARANCES

Devin Andrich, Phoenix
*Plaintiff/Appellant*

Singer Pistiner, PC, Scottsdale
By Jason Pistiner, Robert S. Singer
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

_____

**B R O W N**, Judge:

¶1        Devin Andrich appeals the superior court's ruling denying leave to amend his complaint to add tort and contract claims against various defendants, including Jerome Francis Meyers, Jr. and Lisa Freeman Meyers ("the Meyers"). Because we lack jurisdiction, we dismiss the appeal.

**BACKGROUND**

¶2        Andrich represented the Meyers in several legal proceedings between 2012 and 2014. In February 2014, Andrich was indicted on allegations that he misappropriated client funds, and several weeks later "the Presiding Disciplinary Judge of Arizona" issued an interim order "suspending Andrich from practicing law and freezing [his] bank accounts."

¶3        Shortly thereafter, Andrich contacted the Meyers and asked if they would store some of his property. The Meyers agreed to do so. Andrich also lived at the Meyers' home for approximately six months in 2014 until the Meyers asked him to leave. Jerome Meyers then filed a bar complaint against Andrich.

¶4        In December 2014, Andrich asked a third party to retrieve his laptop computer, server, and clothing from the Meyers' home. A short time later Jerome Meyers told the third party that Andrich's clothing possessions had been donated to charity. The Meyers declined to return Andrich's laptop and placed his server at the end of their driveway for pickup. The third party retrieved the server but later determined that the hard drives had been removed. In April 2015, Andrich served the Meyers with a court order compelling the production of the laptop and server hard drives. The Meyers, then represented by attorney Jason Pistiner of the law firm of Singer Pistiner, P.C., did not comply with the court order.

**¶5**        Andrich entered into a plea agreement in his criminal case in which he would serve a prison term and pay restitution.  He was released from prison in September 2017 and unsuccessfully petitioned for post-conviction relief, challenging the restitution order.  We denied Andrich's petition for review.  *State v. Andrich*, 1 CA-CR 18-0600 PRPC, 2019 WL 150497 (Ariz. App. Jan. 10, 2019), *rev. denied* (July 30, 2019).

**¶6**        A year before we decided his post-conviction relief matter, Andrich sued the Meyers, Jason Pistiner, his wife Kristina Keating, Singer Pistiner P.C., and 855 FASNPAK, Inc.  Andrich alleged fraud against the Meyers, seeking damages and an injunction ordering the return of his property.  The superior court dismissed his complaint, finding that it stated no allegations to support his claim against 855 FASNPAK and that the claim against the other defendants was time-barred.

**¶7**        Andrich moved to set aside the ruling.  The court treated his motion as one for reconsideration and entered an order "granting Plaintiff leave to file an amended pleading" except as to 855 FASNPAK.  Andrich filed a motion for leave to amend his complaint, attaching a proposed amended complaint that alleged in part the following claims against Pistiner, Keating, Singer Pistiner P.C., and the Meyers:  negligence *per se* based on A.R.S. § 13-2809, tortious interference with Andrich's plea agreement, invasion of privacy, intentional infliction of emotional distress, conversion, and negligently destroying Andrich's laptop, server hard drives, and personal possessions.[1]  He also alleged the following claims against the Meyers alone:  negligence, fraud, breach of a written or oral lease, breach of the covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment.  In an unsigned minute entry, the court rejected all of his claims—except promissory estoppel against the Meyers—and ordered Andrich to file a second amended complaint including only that claim.

**¶8**        Andrich appealed from that minute entry, but we dismissed the appeal because the superior court's order was not a final judgment.  Before we issued our dismissal order, however, the court *sua sponte* entered a final judgment under Arizona Rule of Civil Procedure ("Rule") 54(b) in

---

[1]      In his proposed amended complaint, Andrich alleged similar claims against Robert Singer, a lawyer with Singer Pistiner, P.C., and Singer's wife, Heather Kirka.  Neither Singer nor Kirka were named in the original complaint.  Because we are dismissing this appeal for lack of jurisdiction, we need not elaborate on those alleged claims.

favor of 855 FASNPAK, Inc., Pistiner, Keating, and Singer Pistiner P.C., but not the Meyers. Andrich filed a second notice of appeal.

## JURISDICTION

**¶9** Although neither party raises the issue, we have an independent obligation to determine whether we have appellate jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019). We must dismiss an appeal over which we lack jurisdiction. *Id.*

**¶10** Our jurisdiction is limited to final judgments that dispose of all claims and all parties, leaving no questions open for judicial determination and clearly fixing the parties' rights and liabilities. *See Decker v. City of Tucson*, 4 Ariz. App. 270, 272 (1966); *Musa v. Adrian*, 130 Ariz. 311, 312 (1981). An exception to this rule is Rule 54(b), which authorizes the superior court to certify a final judgment disposing of fewer than all claims or parties "only if the court expressly determines there is no just reason for delay." We lack jurisdiction, however, when a Rule 54(b) certification is not "substantively warranted." *Sw. Gas Corp. v. Irwin ex re. County of Cochise*, 229 Ariz. 198, 202, ¶12 (App. 2012). We review the propriety of Rule 54(b) certification for an abuse of discretion. *Id.* at 201, ¶7.

**¶11** Rule 54(b) judgments "should not be entered routinely," but are instead limited to "the infrequent harsh case as an instrument for the improved administration of justice." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53, ¶ 19 (1999) (quotation omitted) (explaining that Rule 54(b) represents "a compromise between the policy against interlocutory appeals and the desirability, in a few cases, of an immediate appeal to prevent an injustice"). The superior court should not certify a partial judgment under Rule 54(b) if (1) "a significant factual overlap" exists between the dismissed and surviving litigation, *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 305 (App. 1991) (citation omitted), or (2) the appellate court would need to "decide the same issues more than once," *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 9 (App. 1990) (citation omitted).

**¶12** Rule 54(b) certification was not proper here. First, Andrich's proposed tort claims at issue in this appeal arise out of the same factual allegations as his remaining claims against the Meyers. *Davis*, 168 Ariz. at 305 ("[T]wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.'"). Andrich contests the superior court's judgment dismissing his claims against defendants Pistiner, Keating, and Singer Pistiner, P.C. In particular, he argues the court erroneously denied his motion for leave to amend his complaint and assert various tort claims

against these defendants. The proposed tort claims are premised, however, on the Meyers' alleged retention of Andrich's laptop, server hard drives, and personal possessions. For example, his proposed tort claims against Pistiner, Keating, and Singer Pistiner P.C.—intentional interference with contractual relations, intentional infliction of emotional distress, conversion and negligence—allege these defendants were responsible with the Meyers for "withholding . . . or otherwise destroying" his laptop, server hard drives, and personal possessions.

¶13　　　Second, the superior court's Rule 54(b) judgment will likely require this court to address the same facts, issues and arguments when a final Rule 54(c) judgment is entered on Andrich's surviving promissory estoppel claim against the Meyers. *See Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 191 (1981) ("[A] claim is separable from others remaining to be adjudicated when the nature of the claim already determined is 'such that no appellate court would have to decide the same issues more than once even if there are subsequent appeals.'"). Arizona courts have long disfavored piecemeal appeals because they tend to undermine judicial efficiency. *See Musa*, 130 Ariz. at 312. We therefore conclude the superior court abused its discretion in certifying the judgment under Rule 54(b) and dismiss this appeal for lack of jurisdiction.

## CONCLUSION

¶14　　　Andrich's appeal is dismissed. The superior court may consider whether to award reasonable attorney fees or costs incurred in this appeal at the conclusion of the case.



AMY M. WOOD • Clerk of the Court
FILED: AA