NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

*In re the Matter of:*

DUSTIN MATTHEWS, *Petitioner/Appellee,*

*v.*

ROSEANN ROBLES, *Respondent/Appellant.*

No. 1 CA-CV 19-0590 FC

FILED 07-23-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-093973
The Honorable Margaret Benny, Judge *Pro Tempore*, *Retired*

**DISMISSED IN PART, AFFIRMED IN PART**

COUNSEL

Dustin Matthews, Tempe
*Petitioner/Appellee*

Roseann Robles, Avondale
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

---

**C A T T A N I**, Judge:

¶1 Roseann Robles ("Mother") appeals from the superior court's final judgment entered on July 23, 2019, denying her motion for relief from judgment and her motion to amend and alter judgment. For reasons that follow, we affirm in part and dismiss in part.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2 Mother and Dustin Matthews ("Father") are the biological parents of D.M., born in December 2011. The following year, Father filed a petition to establish child custody and parenting time. The superior court imposed joint legal decision-making, implemented a parenting time schedule, and ordered Mother to pay Father $39.46 in monthly child support.

¶3 Approximately three years later, Father filed a petition to modify the child support order, and in February 2017, the court increased Mother's monthly child support obligation to $47.05, after attributing an additional $1,037.00 in familial gifts to Father's income. Father moved to alter or amend the court's February 2017 order, arguing that the court improperly added the $1,037.00 to his monthly income because he no longer received gifts from his family. The superior court denied his motion.

¶4 The day before the superior court denied Father's motion to amend or alter the February 2017 order, Father filed a second petition to modify child support, again arguing that he did not receive recurring gifts.

---

[1] For a more detailed discussion on the background of this case, see *Matthews v. Robles*, 1 CA-CV 18-0704-FC, 2019 WL 5701782 (Ariz. App. Nov. 5, 2019) (mem. decision); *Matthews v. Robles*, 1 CA-CV 17-0494-FC, 2018 WL 4374214 (Ariz. App. Sept. 13, 2018) (mem. decision); *Matthews v. Robles*, 1 CA-CV 17-0241-FC, 2018 WL 897683 (Ariz. App. Feb. 15, 2018) (mem. decision); *Matthews v. Robles*, 1 CA-CV 16-0774-FC, 2017 WL 4819368 (Ariz. App. Oct. 26, 2017) (mem. decision).

In May 2017, the court denied Father's second petition to modify child support and awarded Mother attorney's fees after finding that Father had "failed to demonstrate a material change in circumstances." Father appealed that decision, and we reversed and remanded for an evidentiary hearing because Father presented a colorable claim for modification of child support. *See Matthews*, 1 CA-CV 17-0494, at *2, ¶¶ 6–7, 10.

**¶5** The superior court conducted an evidentiary hearing in March 2019 and issued a minute entry ruling (the "March 2019 order") requiring Mother to pay Father $420.00 in child support, $81.00 in child support arrears, and a $5.00 Clearinghouse payment per month, for a total monthly obligation of $506.00.

**¶6** Mother filed a motion for relief from the child support order under Arizona Rule of Family Law Procedure ("Rule") 85 and a motion to amend and alter judgment under Rule 83. The superior court denied those post-judgment motions, and Mother appealed.

## DISCUSSION

### I. Jurisdiction.

**¶7** As a preliminary matter, we note that Mother's notice of appeal is from the superior court's signed minute entry denying her post-judgment motions. She did not appeal the March 2019 order.

**¶8** Generally, only final judgments are appealable. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991). We have jurisdiction, however, to review special orders made after a judgment under A.R.S. § 12-2101(A)(2). To be appealable, "a post-judgment order must 1) raise different issues than would be raised in an appeal from the underlying decree, and 2) . . . affect the judgment or relate to its enforcement." *Williams v. Williams*, 228 Ariz. 160, 164, ¶ 11 (App. 2011). "This requirement prevents a delayed appeal from the judgment . . . [and] multiple appeals raising the same issues." *Arvizu v. Fernandez*, 183 Ariz. 224, 227 (App. 1995).

**¶9** Here, Mother's motion for relief from judgment did not raise any issue that could not have been raised in an appeal from the March 2019 order. In her motion for relief from judgment, Mother argued that child support calculations were not based on present conditions and that the court improperly used Mother and Father's 2017 incomes without applying yearly adjustments, ruled on issues barred by claim preclusion, disregarded Father's discovery non-compliance, showed bias in favor of Father, and excluded relevant evidence. These challenges could have been brought in

an appeal from the underlying March 2019 order and therefore do not constitute proper grounds for a motion for relief from judgment under Rule 85. We therefore lack jurisdiction to consider the claims Mother raised in her motion for relief from judgment and thus dismiss this portion of the appeal.[2]

## II.  Motion to Amend and Alter Judgment.

¶10        Mother's motion to amend and alter judgment, however, requested that the court amend a post-judgment minute entry concerning Father's discovery non-compliance. Because the issues raised in Mother's motion are different from issues that could have been raised in an appeal from the underlying child support order, we have jurisdiction to address Mother's appeal from the superior court's ruling on her motion to amend the judgment. *See Williams*, 228 Ariz. at 164, ¶ 11.

¶11        The day after the March 2019 evidentiary hearing, Mother filed a notice of non-compliance alleging that Father had failed to disclose a child support worksheet, tax returns, pay stubs, childcare costs, and proof of his current employment. After receiving the notice of non-compliance, the court mistakenly noted in a minute entry that Mother had indicated that she received this discovery from Father.

¶12        Mother filed a motion to amend and alter the court's minute entry under Rule 83, clarifying that she had not received any of the above-mentioned discovery from Father. The court denied Mother's motion, stating that although it agreed that Father had failed to provide required documents, it drew negative inferences from that fact and the court went through Father's provided documents in great detail with both parties. Mother contends that the lack of discovery prejudiced her and that the superior court abused its discretion by failing to correct its mistake in its post-hearing minute entry. But although the superior court denied Mother's motion, the court still provided Mother with her requested relief by stating that it drew negative inferences from Father's failure to comply with the court's orders. Accordingly, Mother is not entitled to additional relief.

---

[2]        Our ruling does not preclude Mother from filing a petition to modify child support based on a change of circumstances if her income is substantially lower than it was in May 2017.

## III.    Fraud on the Court.

¶13      Finally, Mother contends that Father committed fraud on the court by misrepresenting various dates to both the superior court and to the court of appeals.  Fraud on the court occurs "[w]hen a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court."  *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 13 (App. 2017).  "[T]he moving party must prove the fraud by clear and convincing evidence."  *Id.*

¶14      In March 2017, Father filed a motion to amend and alter a previous child support order requiring Mother to pay $47.05 in child support.  Before the superior court could rule on that motion, Father filed a second petition to modify child support, avowing that "[n]o other cases [were] pending in any court for modification of this court order."  The next day, the superior court denied Father's motion to amend and alter judgment.  Later, the superior court denied Father's subsequent petition to modify, Father appealed, and we reversed and remanded for an evidentiary hearing.  *See Matthews*, 1 CA-CV 17-0494, at *2, ¶¶ 6–7, 10.

¶15      Mother points to three misrepresentations: (1) the subsequent petition's avowal that no other cases were pending, (2) Father's assertion on appeal that his petition was filed the same day the court denied his earlier motion, and (3) Father's assertion that a sworn child support worksheet was attached to his petition.  But Mother did not squarely raise a claim of fraud on the court in superior court, and she did not present evidence to support her allegation that Father made material misrepresentations with the intent to mislead.

¶16      Moreover, based on the record before us, we are unable to discern whether Father's petition to modify was filed prematurely or if it was filed contemporaneously with the order denying Father's motion to alter or amend the judgment.  Mother is not entitled to relief.

## CONCLUSION

¶17      For the foregoing reasons, we dismiss the appeal in part and affirm in part.