IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

GLORIA Y. MADRID, Personal Representative of the ESTATE OF JOSEPHINA Y. ODELL aka JOSEPHINE Y. ODELL, on behalf of the ESTATE OF JOSEPHINA Y. ODELL, deceased; and GLORIA MADRID, individually and on behalf of JOSEPHINA Y. ODELL'S statutory beneficiaries pursuant to
A.R.S. section 12-612(A),
*Plaintiff/Appellant*,

*v.*

AVALON CARE CENTER – CHANDLER, L.L.C., dba CHANDLER HEALTH CARE CENTER; AVALON HEALTH CARE INC., a Utah corporation; MARY ANN STANFORD, Administrator,
*Defendants/Appellees*.

No. 1 CA-CV 14-0359
FILED 11-18-14

---

Appeal from the Superior Court in Maricopa County
No. CV2010-027775
The Honorable J. Richard Gama, Judge

**APPEAL DISMISSED**

---

COUNSEL

Law Office of Scott E. Boehm, P.C., Phoenix
By Scott E. Boehm

Wilkes & McHugh, P.A., Phoenix
By Melanie L. Bossie, Donna Y. Oh
*Co-Counsel for Plaintiff/Appellant*

Miller Toone, P.C., Salt Lake City, Utah
By Barry C. Toone
*Counsel for Defendants/Appellees*

---

## OPINION

Judge Samuel A. Thumma delivered the opinion of the Court, in which Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

---

**T H U M M A**, Judge:

¶1 This opinion addresses the issue of appellate jurisdiction over a judgment stating "that no further matters remain pending" pursuant to Arizona Rule of Civil Procedure (Rule) 54(c) (2014),[1] even though claims remain pending in the superior court. This court previously determined it lacked appellate jurisdiction and dismissed the appeal with this opinion to follow.

## PROCEDURAL BACKGROUND

¶2 Gloria Madrid, as personal representative of the Estate of Josephina Y. Odell, and on behalf of the statutory beneficiaries of the Estate, filed a complaint alleging three causes of action against three defendants.[2] The superior court later (1) granted defendants' motions to compel arbitration as to certain claims, but did not otherwise dispose of those claims; and (2) disposed of the remaining claims by granting defendants' motions for summary judgment. At defendants' request, the court then entered a written, signed judgment stating that the judgment was granted "on all claims not dismissed from this action," and "[t]here

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Other named defendants either were never served and did not appear, or were dismissed by stipulation, and are not relevant to determining appellate jurisdiction. *See McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 532, 652 P.2d 1377, 1379 (1982); *Baker v. Bradley*, 231 Ariz. 475, 481–82 ¶¶ 21–23, 296 P.3d 1011, 1017–18 (App. 2013).

being no further matters pending, final judgment is to be entered pursuant to" Rule 54(c). Plaintiff appeals from this judgment.

## DISCUSSION

**¶3**        This court's "appellate jurisdiction is purely statutory." *State v. Bayardi*, 230 Ariz. 195, 197, 281 P.3d 1063, 1065 (App. 2012) (citing Ariz. Const. art. 6, § 9 and *Hall Family Props., Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386, 916 P.2d 1098, 1102 (App. 1995)). "Generally, this court's jurisdiction is limited to appeals from final judgments which dispose of all claims and parties." *Baker v. Bradley*, 231 Ariz. 475, 479 ¶ 9, 296 P.3d 1011, 1015 (App. 2013) (citing *Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, 213 P.3d 1008, 1011 (2009) and Ariz. Rev. Stat. (A.R.S.) § 12-2101(A)(1)). As potentially applicable here, there are two types of judgments from which an appeal may be taken: (1) a Rule 54(c) judgment and (2) a Rule 54(b) judgment.[3] The parties dispute whether the judgment is proper under these rules. This court reviews de novo a superior court's determination that a judgment is final. *Kim v. Mansoori*, 214 Ariz. 457, 459 ¶ 6, 153 P.3d 1086, 1088 (App. 2007).

## I.        Arizona Rule Of Civil Procedure 54(c).

**¶4**        Effective January 1, 2014, "[a] judgment shall not be final unless the court states that no further matters remain pending and that the judgment is entered pursuant to Rule 54(c)." Ariz. R. Civ. P. 54(c). This language is the product of a rule change petition intended to make clear "whether an order of a Superior Court is, or is intended to be, a final, appealable 'judgment'" and to allow ease in "determining the extent to which a putative judgment resolves a case as to all claims and all parties." Petition to Amend Rules 54 and 58, Ariz. R. Civ. P., and Rule 9, Ariz. R. Civ. App. P. at 3 (Jan. 9, 2013) (No. R-13-0005) *available at* http://azdnn.dnnmax.com/Portals/0/NTForums_Attach/11937332582.pdf.

---

[3] This case does not involve an attempt to invoke special action jurisdiction. *See* A.R.S. § 12-120.21(A)(4). This case also does not involve an independently-appealable order regarding arbitration. *See* A.R.S. § 12-2101.01(A)(1)–(2). Nor do the parties argue that the judgment is appealable on any basis other than as a final judgment. *See* A.R.S. § 12-120.21(A)(1).

¶5          If all claims by all parties have been resolved, a superior court should enter a final judgment properly reflecting that resolution. When presented with a judgment in proper form after resolution of all claims by all parties, entry of judgment does not involve discretion on the part of the superior court. Given this, if a judgment is entered that resolves all claims by all parties, but the superior court does not make the Rule 54(c) statement, this court may suspend an appeal to allow the superior court the opportunity to provide such a statement. *See* Ariz. R. Civ. App. P. (ARCAP) 9.1; ARCAP 3(b) (effective 1/1/2015). Although Rule 54(c) does not expressly require that the statement appear in the text of the judgment, and although the statement could appear in a minute entry or hearing transcript, the better practice is to include in the judgment itself the statement that no further matters remain pending and that the judgment is entered pursuant to Rule 54(c).

¶6          Defendants contend this court has appellate jurisdiction because the superior court entered a signed judgment containing a Rule 54(c) statement. Although the judgment states that judgment was granted on all claims as to all parties, some claims remain to be resolved because the claims to be arbitrated have not been dismissed or otherwise resolved by the superior court. *Cf. S. California Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 52–53 ¶¶ 17–18, 977 P.2d 769, 774–75 (1999) (holding "that an order to compel arbitration, without more, is not appealable"); *see also* A.R.S. § 12-3007(G) (noting, when arbitration is ordered, the court "on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration"). Therefore, the Rule 54(c) language in the judgment stating that there are "no further matters pending" is not accurate. A statement that a judgment is final pursuant to Rule 54(c) when, in fact, claims remain pending does not make a judgment final and appealable. Accordingly, because the record demonstrates that not all claims as to all parties have been resolved, the judgment is not a Rule 54(c) judgment over which this court has appellate jurisdiction.

## II.     Arizona Rule Of Civil Procedure 54(b).

¶7          As potentially applicable here, Rule 54(b) states:

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims

or parties only upon an express determination
that there is no just reason for delay and upon
an express direction for the entry of judgment.

Ariz. R. Civ. P. 54(b). "[A] claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause." *Id.*

**¶8**        Rule 54(b) is intended to promote judicial economy, *Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 192, 635 P.2d 174, 177 (1981), and is a "compromise between the policy against interlocutory appeals and the desirability, *in a few cases*, of an immediate appeal to prevent an injustice," *Sw. Gas Corp. v. Irwin ex rel. County of Cochise*, 229 Ariz. 198, 202 ¶ 10, 273 P.3d 650, 654 (App. 2012) (emphasis added). A proper Rule 54(b) judgment is immediately appealable. *See Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991). However, this court lacks jurisdiction over an appeal from a judgment that does not resolve all claims as to all parties *and* that does not include Rule 54(b) language. *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 45, 365 P.2d 208, 210 (1961).

**¶9**        The judgment here does not include Rule 54(b) language. *Cf. Grand v. Nacchio*, 214 Ariz. 9, 16 ¶ 17, 147 P.3d 763, 770 (App. 2006) (suggesting, in dicta, that judgment stating "[t]here is no just reason for delay" but not citing Rule 54(b) would be appealable). This "lack of a [Rule] 54(b) determination defeats finality." *Pulaski v. Perkins*, 127 Ariz. 216, 217, 619 P.2d 488, 489 (App. 1980). Accordingly, the judgment is not a Rule 54(b) judgment over which this court has appellate jurisdiction.

**¶10**        Plaintiff asks this court to suspend the appeal to allow the superior court to enter a Rule 54(b) judgment. However, where an appeal is taken from a putative Rule 54(b) judgment and there is a Rule 54(b) deficiency, this court lacks jurisdiction to suspend the appeal to allow the superior court to consider entering a Rule 54(b) judgment. *Id.* at 218–19, 619 P.2d at 490–91.

**CONCLUSION**

¶11 The inclusion of Rule 54(c) language in a judgment that does not resolve all claims by all parties is not a final judgment and, accordingly, this court lacks appellate jurisdiction over such a judgment. Absent an otherwise appealable judgment, this court lacks jurisdiction to suspend an appeal to allow a party to seek a Rule 54(b) judgment. Accordingly, this court lacks appellate jurisdiction in this case. The parties are not without the ability to seek an appealable judgment from the superior court, either pursuant to Rule 54(b) now or Rule 54(c) after resolution in the superior court of all claims by all parties. Because this court currently lacks appellate jurisdiction, however, the appeal is dismissed.



Ruth A. Willingham · Clerk of the Court
FILED: jt