IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

POWERS REINFORCING FABRICATORS, L.L.C., and WILLIAM J.
POWERS, *Petitioners*,

*v.*

THE HONORABLE CONNIE CONTES, Judge of the Superior Court of
the State of Arizona, IN AND FOR the COUNTY OF MARICOPA,
*Respondent Judge,*

THE QUINLAN LAW FIRM, L.L.C., and WILLIAM J. QUINLAN,
*Real Parties in Interest.*

No. 1 CA-SA 20-0083
FILED 8-25-2020

Special Action Review from the Superior Court in Maricopa County
Nos. CV2018-054762, CV2018-053612, CV2018-001278 (Consolidated)
The Honorable Connie Contes, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Molever Connelly PLLC, Scottsdale
By Loren Molever
*Co-Counsel for Petitioners*

Tiffany & Bosco, P.A., Phoenix
By Robert A. Royal, Amy D. Sells, and Jack R. Vrablik
*Co-Counsel for Petitioners*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Robert F. Roos and Jared L. Sutton
*Counsel for Real Parties in Interest*

---

**OPINION**

Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1** William J. Powers ("Bill Powers") and his company, Powers Reinforcement Fabricators, L.L.C. ("Powers Reinforcement"),[1] petition for special-action review of the superior court's refusal to allow the immediate appeal of its order dismissing Petitioners' action against William J. Quinlan and the Quinlan Law Firm (collectively the "Quinlan Defendants") in a case consolidated with two other actions that are still being litigated. We accept jurisdiction, deny relief, and hold: (1) when disposing of a cause of action consolidated with other causes, the court has the discretion to certify the dismissal under either Rule 54(c) or (b); and (2) when reviewing the superior court's decision, we presume the court's refusal to finalize a judgment under 54(c) reflects the court's discretionary determination that issues in the other pending actions are related.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In Maricopa County Cause Number CV2018-001278, Powers Steel & Wire Products, Inc. sued several former employees and employees of a competitor, alleging the former employees made an improper agreement with Powers Steel's competitor to solicit Powers Steel's critical employees and customers to the competitor. Among the defendants Powers Steel sued were Bill Powers, who was Powers Steel's former vice president and a current shareholder, and his new business, Powers Reinforcement. In the second action—CV2018-053612—Bill Powers sued Powers Steel, seeking access to books and records and dissenter's rights.

---

[1] We refer to Bill Powers and Powers Reinforcement collectively as "Petitioners."

2

¶3        The Quinlan Defendants represented Powers Steel in the first two actions. In connection with this representation, the Quinlan Defendants sent three demand letters on behalf of Powers Steel to Powers Reinforcement customers and contractors, claiming that Bill Powers was in breach of his fiduciary duty and duty of loyalty to Powers Steel. In the letters, the Quinlan Defendants, on behalf of Powers Steel, threatened to sue the recipients for aiding and abetting the breach of fiduciary duty and for tortious interference with Powers Steel's business expectancy.

¶4        In response to CV2018-001278 (first action), Bill Powers filed a counterclaim against Powers Steel, alleging defamation and tortious interference with business expectancy. At the same time, Petitioners also filed a new complaint in CV2018-054762 (third action) against the Quinlan Defendants alleging defamation and tortious interference based on the demand letters. Powers Steel moved to consolidate the three matters, and the court granted the request without objection.

¶5        Following the consolidation, Petitioners moved to have the Quinlan Defendants disqualified from representing any party in any of the consolidated cases. Petitioners argued:

> Prior to the consolidation, disqualification was not required. Quinlan was not an advocate and a party in the same action. (Although, sending the letters did trigger the Counterclaim against [Powers Steel] in this action and that, alone, might have required withdrawal or disqualification because Quinlan would be a witness, even though not also a party.) Whether Quinlan and [Powers Steel] have [a] conflict of interest irrespective of the consolidation, giving rise to a voluntary withdrawal by Quinlan is an issue left to the lawyer and its client. But, absent a withdrawal by Quinlan, its status as advocate, witness and party is untenable.

¶6        The Quinlan Defendants moved to dismiss the complaint in the third action, arguing the litigation privilege protected the letters at issue. *See Goldman v. Sahl*, 248 Ariz. 512, 519, ¶ 17 (App. 2020) (lawyers are privileged to publish defamatory matter in communications preliminary to a judicial proceeding). The court ultimately granted summary judgment to the Quinlan Defendants and dismissed the third action, finding "no fact question and, at a minimum, no sufficient evidence that the three 'demand' letters constitute[d] improper conduct." The court then denied Petitioners' motion to disqualify as moot.

¶7 Petitioners filed a proposed judgment requesting that the court enter the judgment "under Rules 54(b) and/or 54(c)." The Quinlan Defendants objected to Petitioners' proposed judgment, arguing the "and/or" language was ambiguous. They argued that "[a] judgment must be either a final judgment as to all parties and claims under Rule 54(c), or a partial judgment under Rule 54(b). It cannot be both."

¶8 The court entered the judgment without the requested language. It denied Petitioners' motion for reconsideration, stating: "The court expressly determines that because not all parties and/or claims have been adjudicated, the court's order . . . is not a final appealable order under Ariz. R. Civ. P. 54(b) or 54(c)." Petitioners then brought this special action.

## DISCUSSION

¶9 Petitioners argue that the court erred by refusing to certify the judgment as final under either Rule 54(b) or (c) and, if we conclude that 54(c) language was not warranted, by denying their motion to disqualify Powers' counsel as moot because the dismissal was not a final judgment and the Quinlan Defendants remain "co-parties" in the consolidated action.

¶10 A superior court's refusal to enter Rule 54 language may not be reviewed on direct appeal. *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53, ¶ 20, n.5 (1999). "In the proper case, however, the refusal to enter an appealable order may be reviewed for abuse of discretion by special action proceedings." *Id.* at 53, ¶ 20. Additionally, questions of first impression are particularly appropriate for special-action review. *Dabrowski v. Bartlett*, 246 Ariz. 504, 512, ¶ 15 (App. 2019).

¶11 "In Arizona, our statutes and rules of appellate procedure permit appeals only from final judgments or orders. In the civil context, the right to appeal is not absolute but exists only by statute." *S. Cal. Edison Co.*, 194 Ariz. at 52, ¶ 16 (citation omitted). "An appeal may be taken to the court of appeals from the superior court . . . [f]rom a final judgment entered in an action . . . commenced in a superior court . . . ." Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1).

> After the adoption of the rules of civil procedure liberalizing multi-claim and multi-party litigation, Rule 54(b) . . . was promulgated to relieve parties of the delay caused by the ongoing litigation of other claims. The rule allows a trial court to certify finality to a judgment which disposes of one or more, but not all, of the multiple claims, if the court

determines that there is no just reason for delay and directs the entry of judgment.

*Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991). Thus, "this court lacks jurisdiction over an appeal from a judgment that does not resolve all claims as to all parties *and* that does not include Rule 54(b) language." *Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 8 (App. 2014).

¶12        Conversely, Rule 54(c) does not confer jurisdiction on this court; it merely facilitates the exercise of our statutory authority to hear appeals "[f]rom a final judgment entered in an action . . . commenced in a superior court." A.R.S. § 12-2101(A)(1). Rule 54(c) "is the product of a rule change petition intended to make clear 'whether an order of a Superior Court is, or is intended to be, a final, appealable "judgment"' and to allow ease in 'determining the extent to which a putative judgment resolves a case as to all claims and all parties.'" *Madrid*, 236 Ariz. at 223, ¶ 4 (quoting Petition to Amend Rules 54 and 58, Ariz. R. Civ. P., and Rule 9, Ariz. R. Civ. App. P. at 3 (Jan. 9, 2013) (No. R–13–0005)).

## A.        Dismissal of a Separate Action in a Consolidated Matter May Be Final Under Either Rule 54(b) or (c).

¶13        Arizona courts have not addressed how Rule 54(b) or (c) applies in a consolidated matter when one action has been dismissed, but other actions remain. We review the interpretation of a court rule *de novo*. *Goldman*, 248 Ariz. at 522, ¶ 29. The Rules "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Ariz. R. Civ. P. 1. Petitioners suggest we turn to federal precedent for guidance "because federal law similarly restricts appellate jurisdiction to 'final decisions.'" *Grand v. Nacchio*, 214 Ariz. 9, 15, ¶ 13 (App. 2006). But the analysis supporting Petitioners' desired outcome is less relevant in Arizona because there is no equivalent in the federal rules to our Rule 54(c); and, as Petitioners acknowledge, the federal circuits are split about how to resolve the issue. Instead, our analysis is guided by the general rule that courts disfavor piecemeal litigation, *see, e.g.*, *Edler v. Edler*, 9 Ariz. App. 140, 144 (1969), the purpose of Rule 54(b), and consideration of the "traditional exercise of the court's inherent powers over the administration and supervision of its own business," *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958).

**¶14**      A superior court has the power to consolidate actions that present "a common question of law or fact." Ariz. R. Civ. P. 42(a)(2); *see generally* Ariz. R. Civ. P. 2 ("There is one form of action—the civil action."). "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Torosian v. Paulos*, 82 Ariz. 304, 316 (1957) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Petitioners argue that because consolidation does not merge the actions, each maintains its independence, and urge us to adopt the Sixth Circuit's approach, which renders the dismissal of one of the consolidated actions a final, appealable order even if it lacks certification under Rule 54(b). *See Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers & Taxicab Drivers*, 683 F.2d 131, 133 (6th Cir. 1982).

**¶15**      In *Kraft*, the court addressed Federal Rule of Civil Procedure 54(b), which, like its Arizona counterpart, states:

> If an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay and recites that the judgment is entered under Rule 54(b).

Fed. R. Civ. P. 54(b); Ariz. R. Civ. P. 54(b). The *Kraft* court reasoned that because dismissal of one of the consolidated actions constituted dismissal of all the claims in that action, the dismissal was appealable without certification under Rule 54(b).

**¶16**      But in Arizona, "[a] judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c)." Ariz. R. Civ. P. 54(c); *see City of Tucson v. Sensibar*, 243 Ariz. 527, 529, ¶ 6 (App. 2018). Although Petitioners argue the superior court has no discretion to decline to enter a Rule 54(c) judgment when it dismisses one of several consolidated actions, that would allow a party to evade the general rule against piecemeal appeals based solely on the way the party structures the actions. *See S. Cal. Edison Co.*, 194 Ariz. at 52, ¶ 15 ("In our view, appealability should not depend on counsel's ingenuity in combining different claims or bringing separate actions."). Consolidation necessarily means that the various actions share common questions of law or fact. Ariz. R. Civ. P. 42(a)(2). We

conclude that when the superior court determines that the dismissed action is intertwined with the other actions in such a way that an immediate appeal would be inappropriate, the court's inherent power to control the case allows it to decline to certify the dismissal under Rule 54(c).

**¶17**        Therefore, the Arizona rules do not require the court to enter a judgment under Rule 54—(b) or (c)—when, in its view, a final judgment is not appropriate at that time. *Cf. Madrid*, 236 Ariz. at 223, ¶ 5 ("When presented with a judgment in proper form after resolution of all claims by all parties, entry of judgment does not involve discretion on the part of the superior court."). A contrary interpretation would be antithetical to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

**¶18**        Thus, Arizona's approach under Rule 54(b) and (c) aligns us more with the Fifth Circuit's opinion of consolidation:

> While a consolidation may not in every respect merge separate actions into a single suit, we see no reason why a proper consolidation may not cause otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single suit.

*Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982). We believe that this approach is most consistent with Rule 1's directive and respects "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254–55.

## B.        The Superior Court Did Not Abuse Its Discretion by Refusing to Certify the Judgment Under Rule 54(b).

**¶19**        We review a court's refusal to certify its order as final under Rule 54(b) for an abuse of discretion. *Sw. Gas Corp. v. Irwin ex rel. County of Cochise*, 229 Ariz. 198, 201, ¶ 7 (App. 2012). The relevant factors when a court is asked to certify a dismissal of one of several consolidated actions under Rule 54(c) are similarly considered under Rule 54(b). *See Davis*, 168 Ariz. at 304 ("Rule 54(b) did not change the rule against deciding appellate cases in piecemeal fashion.").

¶20 To begin with, the court must consider whether the dismissed action includes claims that are distinct from claims in the remaining actions. *See Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 192 (1981) (court may abuse its discretion "by not permitting 54(b) language in granting summary judgment when the claim involved is clearly separate and distinct from the remaining claims"). When determining whether a dismissed claim is "separate and distinct" from the remaining claims, the court examines whether "the factual basis for recovery states different claims that could be separately enforced." *Davis*, 168 Ariz. at 304; *see also Cont'l Cas.*, 130 Ariz. at 192 ("As such, these are multiple claims which could have been separately enforced, thus falling within the ambit of Rule 54(b).").

> A single claimant presents multiple claims for relief . . . when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action. . . . However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, his bases for recovery are mutually exclusive, or simply presented in the alternative, and he has only a single claim for relief for purposes of rule 54(b).

*Musa v. Adrian*, 130 Ariz. 311, 313 (1981) (quoting Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 2657 (1973)).

¶21 Here, as Petitioners concede, the intentional interference action that the court dismissed against the Quinlan Defendants arises from the same facts as the intentional interference counterclaim against the Powers Defendants. For that reason, the court did not err by declining to certify the dismissal as final under either Rule 54(c) or Rule 54(b). *See Marshall v. Williams*, 128 Ariz. 511, 513–14 (App. 1981) ("The trial judge is generally not permitted to certify the dismissal of fewer than all of a party's counts when his remaining counts deal with the same transaction or occurrence as those appealed. . . . In addition to eliminating unnecessary appeals, (this approach) avoids appellate review of the same evidence on more than one appeal." (quoting note, *Appealability in the Federal Courts*, 75 Harv. L. Rev. 351, 360–61 (1961))).

¶22 Petitioners nevertheless argue that the court abused its discretion by declining to certify the judgment here under Rule 54(b) "to avoid injustice of delay where an immediate appeal is necessary to resolve an attorney's ethical conflict of interest that permeates the underlying trial court case." The court may certify a judgment under Rule 54(b) "only if the

court expressly determines there is no just reason for delay." Ariz. R. Civ. P. 54(b); *see Cont'l Cas.*, 130 Ariz. at 192 ("possible injustice of delay" weighs in favor of certification under Rule 54(b)). "The phrase 'no just reason for delay' in Rule 54(b) means that 'there must be some danger of hardship or injustice through delay which would be alleviated by [an] immediate appeal.'" *Pulaski v. Perkins*, 127 Ariz. 216, 218 (App. 1980) (quoting *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968)). Petitioners assert that if they are "forced to wait until the consolidated cases conclude in order to appeal these issues, irreversible damage arising from the [Quinlan Defendants'] conflict will have already transpired," and that "an immediate appeal is particularly imperative to alleviate the injustice that will result from a delay in determining the conflict issue. They argue that "opposing counsels' conflict of interest will unjustly and irreparably pervade the underlying lawsuit through its conclusion."

¶23　　But Petitioners fail to explain how the underlying lawsuit would be irreparably pervaded, or how an immediate appeal would alleviate that danger. Petitioners' actual grievance is with the denial of the motion to disqualify. In their reply brief, they state: "Reversal of the summary judgment ruling on appeal will 'reinstate' Quinlan Defendants as real parties in interest and revive the motion to disqualify." Petitioners fail to establish, or even allege, some danger of hardship or injustice through a delay that would be alleviated by an immediate appeal. Accordingly, the court did not abuse its discretion by refusing to certify its judgment as appealable under Rule 54(b).

**C.　The Court Did Not Err by Denying Petitioners' Motion to Disqualify Powers' Counsel.**

¶24　　Finally, Petitioners argue that, if the dismissal was not a final judgment under Rule 54, the superior court legally erred by denying their motion to disqualify the Quinlan Defendants from continuing to represent Powers. For support, Petitioners cite Rule 54(b):

> If there is no such express [Rule 54(b)] determination and recital, any decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

They contend that the court's refusal to enter a final judgment means that the Quinlan Defendants continue to be co-parties, and "their ethical conflict of interest is still in controversy."

¶25        We review the superior court's denial of a motion to disqualify counsel for an abuse of discretion. *Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 376, ¶ 19 (App. 2004). "Only in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent . . . ." *Alexander v. Superior Court*, 141 Ariz. 157, 161 (1984). "[T]he burden is on the party moving to disqualify opposing counsel to show 'sufficient reason' why the attorney should be disqualified." *Amparano*, 208 Ariz. at 377, ¶ 24 (quoting *Alexander*, 141 Ariz. at 161). The superior court does not abuse its discretion if a reasonable basis exists to find that the moving party failed to meet its burden of showing sufficient reason why the opposing party's counsel should be disqualified. *Id.* at 379, ¶ 34.

¶26        Petitioners failed to meet their burden to establish a sufficient reason that the Quinlan Defendants should be disqualified. Petitioners only argued that the Quinlan Defendants' status as a party, witness, and advocate is untenable, particularly at an eventual trial before a jury. Even if the Quinlan Defendants are not parties, Petitioners argue, "the orderly administration of justice will be compromised at trial" because members of the Quinlan firm will be both witnesses and advocates. Their position is that simply because one or more Quinlan lawyers may testify as material witnesses in a trial, there is now a conflict that, absent disqualification, "continues to permeate the trial court proceedings." Petitioners admitted as much when, in support of their motion for disqualification, they stated:

> If Plaintiff does choose to waive the clear conflict of interest between it and Quinlan (assuming it may be a waivable conflict), that does nothing to eliminate the issue of how can these actions be (1) managed (2) in such a way that does not wreak havoc on the system.

We reject Petitioners' unsupported assertion that the alleged conflict will "wreak" some kind of unspecified "havoc on the system."

¶27        Ethical Rule ("ER") 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by ER 1.7 or ER 1.9.

Ariz. R. Sup. Ct. 42, ER 3.7. A "violation of an ethical rule 'does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation, . . . the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.' Pmbl. ¶ 20, Ariz. R. Prof'l Conduct. Thus, the rules of professional responsibility are for ethical enforcement and are not designed to be used as a means to disqualify counsel." *Amparano*, 208 Ariz. 370, 376, ¶ 22.

**¶28** It is for this reason that "[w]hen an attorney is to be called other than on behalf of his client, a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client." *Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 128 Ariz. 99, 105 (1981). Consistent with the court's inherent power discussed above, "the court may in its discretion disallow the testimony, disqualify the attorney, or impose any other procedural safeguards necessary to preserve the integrity of the fact finding process." *Id.* "The prejudice requirement . . . works to preclude the folly of an attorney giving testimony detrimental to the interest he is advocating as well as to prevent opposing counsel from contriving some tactical need for calling the attorney thereby triggering disqualification." *Id.* at 104–05; *see also Alexander*, 141 Ariz. at 166 ("Furthermore, we note that there may be situations where attorneys can be in violation of the rules and still not be disqualified from representing their clients.").

**¶29** The court did not abuse its discretion by denying the disqualification motion when the motion failed to make a threshold showing that a Quinlan lawyer who will represent Powers Steel at trial will give evidence material to the determination of the issues, the evidence is not obtainable elsewhere, or the testimony is or may be prejudicial to the testifying attorney's client. *See Cottonwood Estates*, 128 Ariz. at 105. Indeed,

the court would have abused its discretion had it granted the motion without the required showing.

¶30        Moreover, even when the other factors are present, a lawyer should withdraw *only after* "it becomes clear an attorney ought to testify." *Cottonwood Estates*, 128 Ariz. at 104. Here, it is far from clear that any Quinlan lawyers will testify, or that there will even be a trial. The Quinlan Defendants contend that "a vast majority of anything Mr. Quinlan could testify about is privileged," and that "other people without an attorney-client relationship can testify to whatever minimal non-privileged information might be relevant."

## CONCLUSION

¶31        Accordingly, we accept jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA