NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

M. SIPOLT MARKETING LLC, et al.,
*Plaintiffs/Appellees*,

v.

NON PROFIT PATIENT CENTER INC., et al.,
*Defendants/Appellants*.

No. 1 CA-CV 20-0142
FILED 12-29-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-005595
The Honorable Daniel G. Martin, Judge

**DISMISSED**

COUNSEL

Coppersmith Brockelman, PLC, Phoenix
By John E. DeWulf, Shelley Tolman
*Counsel for Plaintiffs/Appellees M Sipolt Marketing, Next Step Advisors LLC,*
*Sabertooth Holding LLC*

Snell & Wilmer, LLP, Phoenix
By Christopher H. Bayley, Benjamin W. Reeves, James G. Florentine
*Counsel for Plaintiff/Appellee True Harvest LLC*

Lane Hupp & Crowley, PLC, Phoenix
By Alex Heglund Lane
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1          Non-Profit Patient Center, Inc. and Alex Lane (collectively "Non-Profit") appeal the superior court's order adopting a proposed settlement agreement.  Separately, Non-Profit asserts the superior court erred in denying its motion to disburse funds, which Non-Profit alleges it is owed under the settlement agreement at issue.  True Harvest, LLC ("True Harvest") contests Non-Profit's claims and further argues that this court lacks appellate jurisdiction.  We agree and dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

¶2          True Harvest operates a medical marijuana dispensary and previously leased Non-Profit's rights to a "medical marijuana dispensary registration certificate" and an "approval to operate."  Their legal dispute arises out of conflicts stemming from this arrangement.  But we need not delve deeply into the dispute's underlying facts because the procedural history of this case demonstrates that we lack jurisdiction.

¶3          M. Sipolt Marketing, LLC, Next Step Advisors, LLC, and Sabertooth Holdings, LLC, collectively filed suit against True Harvest for breach of notes, accounting, and the appointment of a receiver.  Five days later, those parties stipulated to the appointment of a receiver.  Shortly thereafter, True Harvest filed a third-party complaint against Non-Profit for fraud, breach of contract, negligent misrepresentation, and tortious interference with business expectancy.

¶4          The parties litigated numerous disputes regarding enforcement of the receivership order but eventually agreed upon a settlement.  That settlement was read into the record pursuant to Arizona Rule of Civil Procedure ("Rule") 80(a)(2).  Among other things, the settlement provided that True Harvest would pay a total of $250,000 and that the parties would "draft broad mutual releases."  At that time, it was noted that the parties were "subject to [the court's] jurisdiction . . . until the matter gets dismissed."

**¶5**         Things immediately went awry. True Harvest paid Non-Profit $50,000 but did not pay the remaining $200,000 as originally scheduled. Additionally, the parties litigated other issues regarding the receivership order and the specific terms of the settlement. The "broad mutual releases" were never agreed upon, and no written agreement between the parties was signed. These disputes culminated in the superior court ordering the parties to submit competing proposed settlement agreements detailing all terms of the settlement. Ultimately, the court selected True Harvest's proposed settlement agreement and entered it as an order of the court ("Settlement Order").

**¶6**         Relevant here, the Settlement Order provides that after the completion of certain portions of settlement, including payment of the remaining $200,000 to Non-Profit, "True Harvest shall dismiss the Third Party Complaint against [Non-Profit] and Alex Lane with prejudice." The Settlement Order does not dismiss any claims. Nor does it contain any express determination that it is intended to serve as a final judgment under Rule 54(b) or (c).

**¶7**         Non-Profit appeals the Settlement Order and the superior court's denial of its motion to disburse funds.

**DISCUSSION**

**¶8**         Non-Profit argues we have jurisdiction under A.R.S. § 12-2101(A)(1) and (3).

**I.     The Settlement Order is not a final judgment under A.R.S. § 12-2101(A)(1).**

**¶9**         In relevant part, A.R.S. § 12-2101(A)(1) provides for jurisdiction over appeals taken "[f]rom a final judgment entered in an action . . . commenced in a superior court . . . ." "In Arizona, with certain exceptions, jurisdiction of appeals is limited to final judgments which dispose of all claims and all parties. Public policy is against deciding cases piecemeal." *Musa v. Adrian*, 130 Ariz. 311, 312 (1981).

**¶10**         Non-Profit claims the Settlement Order is a "formal signed Judgment/Order by the Superior Court purporting to resolve all remaining claims in the action below." The Settlement Order's plain language refutes Non-Profit's claim. The Settlement Order did not dismiss True Harvest's third-party complaint, which remains pending before the superior court. Instead, the Settlement Order expressly contemplates that the complaint will be dismissed at some later date. Because it does not dispose of all

claims and all parties, the Settlement Order is not a final judgment under Rule 54(c). Moreover, the Settlement Order does not include the express Rule 54(b) language required for a final judgment resolving less than all claims. *See Madrid v. Avalon Care Ctr.-Chandler, LLC*, 236 Ariz. 221, 224, ¶ 9 (App. 2014) (noting that the lack of an express Rule 54(b) determination defeats finality). Therefore, the Settlement Order is not a final judgment, and A.R.S. § 12-2101(A)(1) does not provide jurisdiction over Non-Profit's appeal.

## II. A.R.S. § 12-2101(A)(3) does not grant us jurisdiction to review the Settlement Order.

¶11 In the alternative, Non-Profit cites A.R.S. § 12-2101(A)(3) as authority for this court's jurisdiction over the Settlement Order. That statute provides that this Court has jurisdiction over "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." A.R.S. § 12-2101(A)(3). This provision does not provide jurisdiction for an appeal from the Settlement Order.

¶12 Assuming the Settlement Order affects a substantial right and effectively determines the action, Non-Profit does not demonstrate that the Settlement Order prevents a final judgment from being entered. In fact, the Settlement Order expressly contemplates the future finality of pending claims. This renders it dissimilar from other circumstances where A.R.S. § 12-2101(A)(3) confers jurisdiction.

¶13 Our courts have held A.R.S. § 12-2101(A)(3) provides appellate jurisdiction over dismissals without prejudice in cases where the statute of limitations has passed and no savings statute applies. *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, ¶ 15 (2009); *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 4 (App. 2009).[1] Similarly, courts have held that the provision provides appellate jurisdiction over dismissals without prejudice based on a forum-selection clause. *See Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 9 (App. 2018). In both circumstances, the superior court's non-final dismissal of the claims ends the case without the possibility of a final judgment. That is not what we have here. Nothing

---

[1] These cases discuss A.R.S. § 12-2101(D), but that section was later renumbered as § 12-2101(A)(3) without any substantive change. *See* 2011 Ariz. Sess. Laws, ch. 304, § 1.

about the Settlement Order prevents a final judgment from being entered in this case, and Non-Profit does not argue otherwise.

**¶14**　　　　In sum, neither statute cited by Non-Profit grants us jurisdiction to review the Settlement Order.[2]

### III.　We decline to sua sponte exercise special-action jurisdiction.

**¶15**　　　　Although we do not have appellate jurisdiction, we could, as a matter of discretion, treat this appeal as a petition for special action and exercise special-action jurisdiction. *See Dunn*, 245 Ariz. at 38, ¶ 9 n.1; A.R.S. § 12-120.21(A)(4).　But Non-Profit has not requested that we accept special-action jurisdiction nor shown that it lacks an adequate remedy by way of direct appeal from a final judgment. *See Dunn*, 245 Ariz. at 38, ¶ 9 n.1; A.R.S. § 12-120.21(A)(4).　We are disinclined to take such action sua sponte.

### IV.　Attorneys' fees and costs.

**¶16**　　　　Both parties request attorneys' fees under A.R.S. § 12-341.01. True Harvest also requests fees under A.R.S. §§ 12-349 and -350.　Non-Profit is not the prevailing party on appeal, and therefore is not entitled to fees. In our discretion, we decline to award True Harvest its attorneys' fees.

**¶17**　　　　True Harvest also requests its costs under A.R.S. § 12-341.　As the prevailing party on appeal, True Harvest is entitled to recover its costs upon compliance with ARCAP 21.

---

[2]　　Non-Profit also challenges the superior court's denial of its motion to disburse funds.　However, Non-Profit's sole jurisdictional argument over the denial of the motion is premised on its argument that the Settlement Order is an appealable order.　Because neither A.R.S. § 12-2101(A)(1) nor (3) provide a basis for jurisdiction, we have no jurisdiction to consider Non-Profit's challenge to the motion to disburse funds.

## CONCLUSION

¶18     For the reasons above, we dismiss the appeal for lack of jurisdiction.

