NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RED MOON DEVELOPMENT & CONSTRUCTION, INC.,
*Plaintiff/Appellant*,

*v.*

JEFFREY KREITZMAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0460

FILED 11-12-2025

Appeal from the Superior Court in Maricopa County
No. CV2025-005662
The Honorable John L. Blanchard, Judge

**APPEAL DISMISSED**

COUNSEL

Kahana Feld LLP, Phoenix
By Joshua C. Offenhartz, Christopher Bates, Michael Appel
*Counsel for Plaintiff/Appellant*

Snell & Wilmer LLP, Phoenix
By Jason Ebe, Patrick F. Welch, Amanda Z. Weaver
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton, Judge Daniel J. Kiley, and Judge Brian Y. Furuya delivered the decision of the court.

**PER CURIAM**:

¶1             Appellant Red Moon Development & Construction, Inc. ("Red Moon") sought a declaratory judgment in superior court that, if granted, would have overturned a private arbitration panel's decision not to dismiss counterclaims filed in arbitration by Appellees Jeffrey and Griselda Kreitzman as trustees of the Kreitzman Family Trust (the "Kreitzmans").  The superior court denied Red Moon's application, Red Moon appealed, and the Kreitzmans moved to dismiss the appeal for lack of appellate jurisdiction.  Having considered the motion, Red Moon's response, and the Kreitzmans' reply, we grant the motion and dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

¶2             This custom residential construction dispute began in arbitration before the American Arbitration Association ("AAA").  Red Moon, the general contractor on the project, initiated arbitration under the parties' contract, alleging the Kreitzmans had refused to pay the remaining contract balance.  The Kreitzmans filed counterclaims in the arbitration alleging construction defects, failure to supervise subcontract work, and abandonment of the project.

¶3             Red Moon moved to dismiss the Kreitzmans' counterclaims under the Arizona Purchaser Dwelling Actions Act, A.R.S. §§ 12-1361 through -1366 ("PDAA").  As relevant to this appeal, the PDAA requires a residential buyer to provide the seller written notice of construction defects "in reasonable detail" and an opportunity to repair or compensate before bringing a dwelling action.  A.R.S. § 12-1363(A)-(E), (Q).  If the buyer does not meet these requirements "before bringing a dwelling action, the dwelling action shall be dismissed."  A.R.S. § 12-1363(P).  Red Moon argued in the arbitration that subsection (P) makes compliance with these provisions "a jurisdictional pre-requisite to bringing a dwelling action."

¶4             On October 7, 2024, the AAA panel denied Red Moon's motion.  The panel stated that "[a]ny issues concerning the adequacy of disclosure of any claimed defects shall be addressed through the Parties' discovery process."  The panel also directed the parties to meet and confer to set deadlines for, among other things, final amendments of parties, claims and counterclaims, and the exchange of initial disclosure statements. The parties then litigated the dispute in arbitration for several months.

¶5             Several months later, while the arbitration remained pending, Red Moon filed a declaratory judgment application in the superior court

seeking a declaration that the AAA panel "lack[ed] jurisdiction over the residential construction defect claims . . . in the [Kreitzmans'] counterclaim." Red Moon contended the AAA panel lacked jurisdiction because the Kreitzmans "fail[ed] to satisfy jurisdictional conditions precedent contained in the [PDAA] . . . before [they] filed their residential construction defects counterclaim."

¶6        Following briefing, the superior court denied Red Moon's application. The court stated that the AAA panel's reference to ongoing discovery "suggest[ed] . . . that the issue of whether [the Kreitzmans'] notice was sufficient remains unresolved." The court thus concluded the AAA panel's order was a "procedural order resolving (at least for now) whether PDAA prerequisites for notice and other conditions precedent have been met" and noted that Red Moon "may, of course, raise this issue as part of any procedure to vacate or confirm a final arbitration award."

¶7        The superior court certified its order as a Rule 54(c) judgment. This appeal and the Kreitzmans' motion to dismiss followed.

## DISCUSSION

¶8        The Kreitzmans contend we lack jurisdiction over Red Moon's appeal because (1) the judgment does not fall within A.R.S. § 12-2101.01(A) and (2) the judgment is not otherwise appealable because it "addresses interlocutory issues reserved to arbitration."

**I.        The judgment is not appealable under A.R.S. § 12-2101.01 or § 12-2101(A)(1).**

¶9        The following categories of orders are appealable under A.R.S. § 12-2101.01(A):

> 1. An order denying an application to compel arbitration made under section 12-1502 or 12-3007.

> 2. An order granting an application to stay arbitration made under section 12-1502 or 12-3007.

> 3. An order denying confirmation of an award.

> 4. An order modifying or correcting an award.

> 5. An order vacating an award without directing a rehearing.

6. A judgment or decree entered pursuant to chapter 9 or 21 of this title.

The superior court's judgment does not fall within any of these categories, and Red Moon does not contend otherwise.

¶10     Instead, Red Moon contends we have jurisdiction under § 12-2101(A)(1) because the judgment "fully resolved" the declaratory relief action and the arbitration is a "separate proceeding." We disagree for two reasons.

¶11     First, a Rule 54(c) certification, standing alone, does not confer appellate jurisdiction. *Powers Reinforcing Fabricators, L.L.C. v. Contes*, 249 Ariz. 585, 589, ¶ 12 (App. 2020). Red Moon relies on *Ruesga v. Kindred Nursing Ctrs.*, 215 Ariz. 589, 594, ¶ 14 (App. 2008) for the opposite proposition; that "an order 'entered under Rule 54(c)' that resolves all claims is final and appealable." The current Rule 54(c) was not effective until January 1, 2014, several years after *Ruesga. Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 223, ¶ 4 (App. 2014). And while we stated in *Ruesga* that "an order that compels arbitration, dismisses the arbitrable claims *and* includes a Rule 54(b) . . . certification of finality is appealable," we determined we lacked appellate jurisdiction over an uncertified order that compelled arbitration but did not dismiss any claims. *Ruesga*, 215 Ariz. at 594, ¶¶ 15-16 (emphasis in original). Here, the superior court certified its order, but did not dismiss any of the parties' claims or counterclaims arising out of the project. The superior court instead determined that Red Moon improperly sought declaratory relief based on its disagreement "with the panel's order and its procedure for resolving the identification of the alleged [construction] defects." *Ruesga* thus does not support Red Moon's position.

¶12     Second, the parties' claims and counterclaims arising out of the project remain unresolved. In *Madrid,* the appellant challenged a Rule 54(c) judgment that compelled arbitration as to some claims and granted summary judgment on the remaining claims. 236 Ariz. at 223, ¶ 2. We concluded the certification did not confer appellate jurisdiction because the claims referred to arbitration remained unresolved. *Id.* at 224, ¶ 6. The procedural history of this case differs from *Madrid* in several respects, but either Red Moon or the Kreitzmans can return to the superior court when arbitration is complete to have the award confirmed or vacated, and make any potential merits arguments there. *See* A.R.S. §§ 12-3022, -3023.

## II.    The PDAA does not create a statutory jurisdictional bar.

¶13        Red Moon also contends the Kreitzmans' alleged PDAA noncompliance "is a statutory jurisdictional bar determining whether the controversy is subject to arbitration under [§ 12-3006](B)." Red Moon again relies on A.R.S. § 12-1363(P).

¶14        "The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." A.R.S. § 12-3006(B). The parties' agreement refers to arbitration "[a]ny controversy arising out of the construction of the Project or regarding the interpretation of the Agreement." Whether the Kreitzmans complied with the PDAA is an issue that plainly "aris[es] out of the construction of the Project;" it therefore falls within this broad scope and was properly before the AAA panel. *See The Spaulding LLC v. Miller*, 250 Ariz. 383, 386-87, ¶ 13 (App. 2020) ("Defendants signed the Operating Agreement, which contained an arbitration clause in which they agreed to arbitrate a broad spectrum of disputes. This dispute falls under the broad sweep of the arbitration agreement, granting the arbitrator the power to adjudicate the matter.").

¶15        Red Moon's conduct in the arbitration also shows there is no "statutory jurisdictional bar," as Red Moon raised the Kreitzmans' alleged failure to comply with the PDAA in arbitration and the parties litigated the issue. That Red Moon disagrees with the AAA panel's ruling does not make the ruling immediately reviewable in court. *See Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506, ¶ 13 (App. 2012) ("In cases arbitrated subject to the parties' agreement and subject to the arbitrator not exceeding his or her powers, the arbitrator's decisions are final and binding as to both issues of fact and law, *regardless of the correctness of the decision*.") (emphasis added).

## III.    We decline to exercise special action jurisdiction.

¶16        Red Moon alternatively asks us to accept special action jurisdiction under *State v. Perez*, 172 Ariz. 290, 292-93 (App. 1992). *Perez* largely mirrors Rule of Procedure for Special Actions ("RPSA") 2(b)(2), which states that special action jurisdiction "may be accepted only if the remedy by appeal is not equally plain, speedy, and adequate."

¶17        Red Moon does not identify any specific factors that would support accepting special action jurisdiction. *See* RPSA 12(b). It instead contends that forcing it to complete arbitration before seeking judicial review "would nullify the PDAA's pre-litigation protections." Red Moon does not show the PDAA creates any "pre-litigation protections." Rather,

5

parties who dispute whether a buyer met the PDAA's pre-suit requirements litigate those issues, and if the seller prevails, dismissal results under § 12-1363(P). Indeed, as discussed above, Red Moon sought that exact relief in arbitration, and the issue remains open in that forum. We therefore decline to exercise special action jurisdiction.

## IV. Attorneys' Fees and Costs

**¶18** The Kreitzmans request reasonable attorneys' fees and costs under A.R.S. §§ 12-341, 12-341.01, and 12-1840, the last of which permits "such award of costs as may seem equitable and just" in declaratory relief actions.

**¶19** We deny the Kreitzmans' attorneys' fee request because the parties' claims and counterclaims remain unresolved in arbitration. *See Silverman v. Ariz. Dep't of Econ. Sec.*, 257 Ariz. 384, 393, ¶ 33 (2024) (denying a fee request under § 12-1840 "[b]ecause no party has yet prevailed in this case"); *cf. City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 194 (App. 1994) ("With arbitration proceedings yet to commence, a 'successful party' on the merits under A.R.S. section 12–341.01 had yet to be determined."). The Kreitzmans may, however, recover taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See Robinson v. Kay*, 225 Ariz. 191, 193, ¶ 8 (App. 2010) (dismissing appeal on jurisdictional grounds but awarding taxable costs to the prevailing party).

## CONCLUSION

**¶20** "When parties have agreed to submit their claims to arbitration, 'the parties, having chosen a different tribunal, may not reinstate judicial tribunals to resolve the controversy.'" *Hamblen v. Hatch*, 242 Ariz. 483, 491, ¶ 34 (2017) (quoting *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 180 Ariz. 148, 152 (1994)). Red Moon tried to do just that, seeking declaratory relief in superior court because it believed the AAA panel "wrongly denied [its] Motion to Dismiss." We therefore dismiss this appeal.

MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR